**Robin GRIFFITH, Petitioner,**

**v.**

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

**No. 86-3882.**

United States Court of Appeals, Sixth Circuit.

Submitted Aug. 7, 1987.

Decided Feb. 27, 1989.

Nancy M. Collins, Hollon, Hollon & Hollon, Hazard, Ky., for petitioner.

Roscoe C. Bryant, III, Michael O'Neill, Office of the Sol., U.S. Dept. of Labor, Benefits Review Bd., U.S. Dept. of Labor, Washington, D.C., for respondent.

Before ENGEL, Chief Judge, and KRUPANSKY and NELSON, Circuit Judges.

ENGEL, Chief Judge.

Robin Griffith has petitioned for relief from an order of the Benefits Review Board, United States Department of Labor, upholding a determination of an administrative law judge that Griffith was not entitled to disability under the Federal Coal Mine Health and Safety Act. 30 U.S.C. § 901 *et seq.* (the Act).

Because of concessions, properly made in our judgment, by the Director concerning an error in his method of calculation of the time spent by Griffith in the coal mines and because of the Director's further acknowledgement that a remand would be required if our circuit's decision in *Kyle v. Director, OWCP,* 819 F.2d 139 (6th Cir.1987), were still viable, we vacate the judgment of the district court with instructions to remand the matter to the Department of Labor for further proceedings consistent herewith.

The medical history of Mr. Griffith is lengthy and need not be repeated here in detail. Griffith, born September 16, 1907, was first employed with the Hymard Coal Company in 1923 and claimed to have worked with that company and two other companies in the underground mines for a period of years which he has variously described as between eight and fifteen years. Most of the testimony indicated that Griffith was employed with Hymard between 1923 and 1933, although the ALJ incorrectly observed that records showed him unemployed at the time of the 1930 census. In support of his claimed length of time at Hymard, Griffith provided affidavits of five contemporary co-workers: Hent Turner, Millie Holland, Ray Sebastian, Fred Sebastian, and Melvin Baker. Because of Griffith's statement during the hearing that he worked for Hymard for eight years and because of the incorrect census evidence, the ALJ concluded that he worked no more than a total of eight years in the underground coal mines. We are left with the impression, taken from the record as a whole, that this conclusion may have been unfair.

Griffith's testimony at the hearing revealed that during his first two years with Hymard he cut and hauled timbers to the inside of the mines. He was thus exposed to coal dust for only two or three hours of each day when he was underground. For that reason, the ALJ reduced the eight years by deducting one and one-quarter years to reflect Griffith's exposure to the coal dust in the mines. He thus reduced the period to a finding that "thus at most, he had 6¾ years of underground work for Hymard." Next the ALJ noted Griffith claimed that he had worked in the underground mines at Alais ("something like two years") and at Kodak ("about a year I guess") in a mine "located up on Carrs Fork." The ALJ was unable to find substantiation in contemporary Social Security records for that much time and thus largely discounted this employment. As a result he made an overall determination that Griffith worked no more than a total of eight years in the underground mines during his entire coal mine employment, two years less than the ten years required to establish a rebuttable presumption under the Act. *See* 30 U.S.C. § 921(c).

The miner bears the burden of proving the duration of his employment, *Engle v.*

*Director, OWCP,* 792 F.2d 63, 64 n. 1 (6th Cir.1986); *Miniard v. Califano,* 618 F.2d 405, 406 (6th Cir.1980). Further the Director has frequently relied upon the objective evidence of Social Security records in determining the amount of employment. Nonetheless there are several factors which work against the ultimate determination of the Director in this case.

First, Griffith's earlier employment at Hymard was, of course, at a time when Social Security records were not available. It is not at all surprising that after the passage of so many years, precise records of the dates and periods of his employment would not have been available. He seems to have done the best he could to establish his employment with what information he had. While it is not for us to weigh the evidence, given the general candor of his testimony it is not unreasonable to conclude that Griffith's testimony of only eight years underground coal mining at Hymard excluded the two years he spent cutting and hauling timbers.[1]

Next, the Director concedes that the ALJ erroneously relied upon the 1930 census report showing Griffith as being unemployed because the record was for one "Robert" Griffith who was only 18 years of age in 1930 whereas the claimant here, "Robin" Griffith, was approximately 22. This misunderstanding unquestionably figured in the ALJ's determination of credibility as to the amount of total time for which Griffith should be credited for having worked in the underground mines.

■ Also, an equally important factor conceded by the Director after our panel remanded the question to the parties for further review, was that it was improper for the ALJ to have split Griffith's time on a daily basis between that involved in cutting and hauling timbers and that time below ground delivering and installing them. 20 C.F.R. § 718.301(b) provides that, for the purpose of invoking specified part 718 presumptions, "[a] 'working day' means any day *or part of a day* for which a miner received pay for work as a miner." (emphasis added). Thus, the Secretary admits that at least one and one-quarter years should be added and should be credited to Griffith's underground mining experience at Hymard.

While the Secretary has discounted some of the testimony of Griffith concerning his work at the two other mines to the effect that at most he spent three years at Alais and Kodak, we do not have any reliable indication from the ALJ of what his judgment would have been had he realized that he was incorrectly relying upon census data which did not apply to Robin Griffith but to an entirely different person. It is fairly evident that Robin Griffith did in fact work at Alais and Kodak but the length of time is forever obscured by the passage of time. Without meaning any criticism whatever of the ALJ, it is evident that, like the miner himself, he tried to do the best with what evidence he had: "specifically I find that claimant has not more than eight years of coal mine employment." He did not break this calculation down between the three mines in which Griffith had worked. Instead he reached a judgment which was twice innocently flawed. Because it is entirely likely that the ALJ might, absent these differences, have determined that Griffith in fact met the ten-year statutory requirement, we believe that a remand is necessary.

Finally, without reviewing in detail all of the evidence, it is sufficient for us to observe here that the ALJ and the Benefits Review Board in its decision of January 30, 1986, although denying benefits, determined that Griffith suffered at least simple pneumoconiosis. They also specifically found that Griffith was totally disabled by a pulmonary and respiratory disease, while at the same time finding that he had failed to establish that his disability arose primarily out of his coal mine employment.

1. Throughout the process of applying for benefits, Mr. Griffith described the amount of time which he spent in the mines in many ways. For example, in his initial application for social security benefits in 1971 he described the time period as 5–6 years, in 1976 he described such time to Doctor Cordell Williams as 15 years, in 1977 his next application stated 15–16 years and in 1981 he told Doctor Emanuel Turner he had spent 10 years in the mines.

It is evident that the Benefits Review Board's determination was based upon the credibility findings of the ALJ and by the acknowledged fact that for many years, and until 1964, Griffith was a relatively heavy smoker. Even given that fact, however, Administrative Appeals Judge Roy Smith, concurring in part and dissenting in part, took issue with the majority's discount of the testimony of Dr. Nash who concluded that Griffith was not only totally and permanently disabled but that "most of his pulmonary problems came as a result of being exposed to a dusty environment in the coal mines for 11 years many years ago when there were many less safety standards in the mines than there are now. Also, since this disease of Coal Workers Pneumoconiosis is a progressive disease, he undoubtedly has progressed during the 40 years or so since he quit work." Judge Smith was further of the opinion that Dr. Nash's medical opinion should not be altogether discredited merely because the latter may inaccurately have believed that Griffith had worked in the coal mines eleven years rather than the eight years as found by the ALJ. This conclusion, Judge Smith concluded, "does not rest on a sound mathematical basis." Again, while we would usually be inclined to accept such judgments from the other two majority members of the Benefits Review Board, we must observe that the Board's judgment was surely a close one and may well have been affected by a misunderstanding of the proper facts in the case. Its conclusion could well have been different given the proper facts of the case concerning the length of Griffith's employment as a coal miner, and the weight which they would normally attach to the ALJ's findings. Finally, because this process affects application of a presumption of disability under the statute it becomes of critical importance.

In his supplemental brief the Director has recognized that the ALJ did not specifically indicate whether his determination on the question of the rebuttable presumption had taken into account this circuit's decision in *Kyle v. Director, OWCP*, 819 F.2d 139 (6th Cir.1987). As the Director acknowledges at p. 5, n. 5 of his supplemental brief:

> If this Court reaffirms *Kyle*, a remand to the ALJ will be necessary for further findings. The ALJ, as pointed out in the Director's brief, denied the claim because he found that the miner had failed to establish that his disability arose from his penumoconiosis [sic]. The ALJ made no findings concerning whether the pneumoconiosis arose out of coal mine employment. However, 20 CFR 410.-490(b)(2) requires that the miner establish that relationship. *See Kyle*, 819 F.2d at 141.

The Director therefore acknowledges that given the posture of the record, "[t]he ALJ should examine this evidence in the first instance to determine whether the miner has demonstrated that his pneumoconiosis arises out of coal mine employment." We agree and remand for consideration in light of *Kyle* since the Supreme Court's recent denial of certiorari in that case renders our decision final. — U.S. —, 109 S.Ct. 566, 102 L.Ed.2d 591 (1988).[2]

Thus, on remand, the Director must apply criteria no more restrictive than 20 C.F.R. § 410.490. In other words, should

2. The Supreme Court also affirmed this court's reasoning in *Kyle* in *Pittston Coal Group v. Sebben*, — U.S. —, 109 S.Ct. 414, 102 L.Ed.2d 408 (1988). The issue in *Pittston*, as in *Kyle*, was whether the interim Labor regulations, see 20 C.F.R. pt. 727 (1988), which required a miner to establish pneumoconiosis and ten years coal mining experience in order to obtain a presumption of entitlement to Black Lung benefits, violated the Act which provided that "[c]riteria applied by the Secretary of Labor in the case of ... any claim ... shall not be more restrictive than the criteria applicable to a claim filed on June 30, 1973." 30 U.S.C. § 902(f)(2). The applicable criteria on that date were in the interim HEW regulations which permitted a miner to obtain a presumption of entitlement by establishing pneumoconiosis and *either* ten years of coal mining experience or proof that the pneumoconiosis was caused by the coal mining experience. *See* 20 C.F.R. § 410.490 (1973). The Court determined that the interim Labor regulations did in fact violate section 902(f)(2) and affirmed a remand by the Fourth Circuit to the Benefits Review Board for further proceedings to apply criteria no more restrictive than section 410.490 to the factors for invoking the presumption of entitlement. 109 S.Ct. at 425.

the Director determine that Griffith did not work in the mines for ten years, even in light of the misunderstandings and concessions noted above, Griffith may still attempt to qualify for the presumption by directly proving that his pneumoconiosis was caused by his coal mining employment.

We appreciated the care and thoughtfulness of the petitioner's brief and also the candor of the Director in the handling this case.

The judgment of the Benefits Review Board is VACATED with instructions to REMAND the proceedings to the Director for further action not inconsistent with this opinion.