892 F.2d 1044
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leary McCOWN on Behalf of Russell McCOWN, deceased miner, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION, UNITED STATES
DEPARTMENT OF LABOR, Respondent.
 No. 89-3069.
 United States Court of Appeals, Sixth Circuit.
 Jan. 8, 1990.
 
 Before KRUPANSKY and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Judge.
 PER CURIAM:
 
 
 1
 Russell S. McCown filed an application in 1974 for benefits under the Black Lung Benefits Act, as amended, 30 U.S.C. 901 et seq. A hearing took place before the Administrative Law Judge ("ALJ") after the lapse of a number of years. It was not until May 30, 1985, that the ALJ issued a decision and order awarding benefits. The Director filed his notice of appeal from that decision to the Benefits Review Board, which reversed the ALJ's decision as not supported by substantial evidence. After filing an unsuccessful motion for reconsideration McCown perfected this timely appeal.
 
 
 2
 The ALJ determined that McCown had established only one year of full time coal mine employment based upon social security records although he asserted at least ten years of coal mine employment. The ALJ also found "claimant to be a credible witness whose testimony revealed a knowledge and familiarity with coal mining which no doubt results from many years spent in the industry." He also found that the eight year coal mining history referred to by several physicians was reliable for diagnostic purposes.
 
 
 3
 The objective medical evidence is as follows: (Claimant submitted no biopsy evidence.)
 
 
 4
 X-rays
Exh. Date Doctor Interpretation Film Quality
DX 18 10/7/74 Baeyer 0 Not noted
DX 19 3/11/76 Gonzales 0 Not noted
DX 16 3/12/76 Sargent 0/0 Good
 B-reader
DX 17 3/12/76 Elmer 0/0 Acceptable
 Reread B-reader
 12/17/79 Bd. Cert.
 Radiologist
CX 1 7/30/79 Lontoc Classification system not used. Not noted
CX 1 11/16/81 Neiberg Classification system not used. Not noted
CX 1 1/3/83 Islman Classification system not used. Not noted
CX 1 9/30/83 Neiberg Classification system not used. Not noted
DX 1 9/27/84 Gonzalez 1/0 Good
Pt"Hrg. B-reader
 Bd. Cert.
 Radiologist
DX 1 9/27/84 Sargent[1] 0 Fogged
Pt"Hrg. Reread
 11/1/84
Ventilatory Studies
Exh. Date Dr. Hgt. FEV1 MVV Quality
 Standards
DX 11 10/8/74 -- 66" 35 Cooperation
 and compre-
 hension not
 noted.
 No tracings.
 "These studies are consistent with marked degrees of
 obstructive airway impairment and are consistent with
 chronic bronchitis and/or pulmonary emphysema, of
 rather moderate to marked degree."
DX 12 10/21/78 Hughes 64 3/4 " .97 26 Good
 cooperation
 & understa-
 nding.
 "Spirometry demonstrated a severe obstructive Sufficient
 ventilatory defect tracings.
 with 902 cc of air trapping on forced expiration. The
 Vital Capacity was at the lower level of normal,
 suggesting a restrictive component."
CX 1 12/31/82 illegible 65" .75 27 Good effort
 (pre-bronchodilator) No tracings.
 .54 40
 (post-bronchodilator)
 "Severe mixed restrictive and obstructive defects, less
 effect after BD."
DX 1 9/27/84 Tita -- .7 21 Cooperation &
 comprehens-
 ion not
 noted.
 Sufficient
 tracings.
Pt"Hrg. "[R]esults revealed a very severe obstructive
 ventilatory defect with a profoundly decreased MVV
 ..."
DX 1 9/27/84 Long "Vents are acceptable."
Pt"Hrg. Reviewed
 10/30/84
Arterial Blood Gas Studies
Exh. Date Dr. pCO2 pO2
DX 12 10/12/78 Hughes 40.1 68
 "Arterial blood gases reveal a moderate resting hypoxemia
 but are otherwise unremarkable."
DX 1 9/27/84 Tita 42.2 54.1
Pt"Hrg.
DX 1 9/27/84 Long "Test is technically
Pt"Hrg. Reviewed acceptable."
 10/30/84
 
 
 5
 Dr. Zevallos examined claimant on March 12, 1976. According to the smoking history Dr. Zevallos obtained, McCown smoked 2-3 packages of cigarettes daily for a period of 20 years with a present habit of one package per day. Dr. Zevallos concluded that claimant did not present x-ray evidence of pneumoconiosis, but that "[c]linically and by history, Claimant has significant pulmonary disability."
 
 
 6
 Dr. Hughes reported in 1978 a 50 pack per year smoking history with a current consumption of two packages daily. He diagnosed "a severe mixed type of COPD (chronic obstructive pulmonary disease) with a possible bronchospastic component." He was of the opinion that this condition significantly disabled McCown, finding that his physical examination "lends support to the emphysematous component." He also found McCown's smoking history to be "sufficient to explain pulmonary abnormalities." He did not find McCown to have coal workers' pneumoconiosis.
 
 
 7
 On April 12, 1984, claimant's medical evidence was evaluated by Dr. Oliven. He obtained claimant's work and smoking histories, symptomatology, reports of previous physical examinations by Dr. Zevallos and Dr. Hughes, a series of previous pulmonary function studies, a series of previous x-ray interpretations and blood gases. Dr. Oliven also noted a 1-2 package per day smoking history. He diagnosed complicated coal workers' pneumoconiosis based upon recent pulmonary function studies, which he considered inconsistent with pure emphysema and "the development of fibrosis and coarse interstitial changes in chest x-ray which are consistent with complicated pneumoconiosis." He stated further that "the early age at which severe subjective and objective signs of severe lung disease developed in this patient are unusual in heavy smokers in the absence of complicating factors.
 
 
 8
 Claimant was next examined by Dr. Tita on September 27, 1984. His report, signed and agreed to by Dr. Tomashefski,[2] consists of a work history, smoking history, physical examination, list of symptoms, spirogram, resting arterial blood gases and chest x-ray. Dr. Tita concluded:
 
 
 9
 In summary, the patient had an eight year history of exposure to coal dust plus eight years in a brass foundry with exposure to silica. The chest x-ray is consistent with coal workers' pneumoconiosis. The patient has class 4 respiratory impairment as evidenced by spirometry and resting blood gases. He is totally disabled and in need of medical care for his chronic obstructive pulmonary disease.
 
 
 10
 At the request of the Department of Labor, Dr. Long reviewed Dr. Tita's and Dr. Tomashefski's report dated September 27, 1984. Dr. Long stated that Dr. Tomashefski's conclusion that claimant is totally disabled by a respiratory impairment is a reasoned medical opinion supported by the objective evidence, but she added that
 
 
 11
 "both the [coal mine employment] and work in a brass foundry would be contributing factors to this man's respiratory impairment."
 
 
 12
 A number of doctors concurred in the view that McCown, now deceased, was totally disabled and that this was, or may have been, related to coal mine employment, beginning in 1984. There was no evidence before that time that McCown suffered from pneumoconiosis, although by 1978 there was evidence by ventilatory studies that McCown had serious restrictive or obstructive ventilatory defects. He, of course, also had a long-standing heavy smoking habit and persisted after 1978 in smoking.
 
 
 13
 The ALJ's findings about McCown's work history in coal mining were inconsistent, although it would appear that in any event he found less than ten years coal mining activity. The director states the issue on appeal to be whether the Benefits Review Board properly reversed the ALJ's finding of pneumoconiosis and whether this pneumoconiosis arose from coal mine employment. The Director noted in its brief that the ALJ and the Board considered this claim under regulatory criteria at 20 C.F.R. 410.401-410.476. Citing Kyle v. Director, OWCP, 819 F.2d 139 (6th Cir.1987), cert. denied 109 S.Ct. 566 (1988), and Pittston Coal Group v. Sebben, 109 S.Ct. 414 (1988), the Director maintains that McCown was entitled to "adjudication of his claim under the invocation provisions of the interim presumption regulation at 20 C.F.R. 410.490(b)." See also Y & O Coal Co. v. Milliken, 866 F.2d 195 (6th Cir.1989), Griffith v. Director, 868 F.2d 847 (6th Cir.1989), and Knuckles v. Director, 869 F.2d 996 (6th Cir.1989) as to whether this claim should also be reviewed under 20 C.F.R. Part 718.
 
 
 14
 The Board reversed the ALJ's decision of entitlement because it found the weighing of the evidence on the pertinent issues to be flawed, and that the ALJ had improperly discredited the opinions of two of the doctors involved in diagnosis of McCown's condition. The ALJ found that McCown had established pneumoconiosis based on the most recent x-ray evidence, and noted the progressive nature of the disease.
 
 
 15
 When the Board reverses an ALJ's decision, the standard of review for the courts of appeals is "not whether the Board's decision is supported by substantial evidence, but whether the Board was correct in concluding that the ALJ's decision was not supported by substantial evidence" or in accordance with law. Bizzarri v. Consolidation Coal Co., 775 F.2d 751, 753 (6th Cir.1985). We give the ALJ's findings deference, but the Board's determination that the ALJ's finding was not supported by credible evidence, and its reversal of his award of benefits, is in accordance with law and we therefore affirm the Board through the year 1983.
 
 
 16
 Kyle v. Director, OWCP, 819 F.2d 139 (1987), cert. denied, 109 S.Ct. (1988), and Pittston Coal Group v. Sebben, 109 S.Ct. 414 (1988), establish that this case should be reviewed under the invocation criteria of the interim presumption at 20 C.F.R. 410.490(b). In order to invoke the 410.490 presumption of total disability due to pneumoconiosis arising from coal mine employment, a miner with less than ten years of coal mine employment such as petitioner here must establish pneumoconiosis by means of x-ray, autopsy or biopsy evidence, and that the pneumoconiosis arose from coal mine employment.
 
 
 17
 We REMAND this case to the ALJ for the limited purpose of determining in light of the principles set out herein, whether McCown has established the existence of coal miner pneumoconiosis, beginning in 1984, and particularly whether he has demonstrated requisite causal relationship to coal mining employment.
 
 
 
 [1]
 Dr. Gonzales, a board certified radiologist, originally interpreted this film. Dr. Sargent's rereading of this film for content is alleged by petitioner to be in violation of 413(b) of the Act. The petitioner claims that Dr. Sargent's rereading should therefore be admitted into evidence only for the limited purpose of showing the film quality of the x-ray dated September 27, 1984
 
 
 [2]
 Dr. Tomashefski is board certified in preventive medicine with a specialty in pulmonary diseases