7 F.3d 237
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clyde WILSON, Petitioner,
v.
EASTOVER MINING COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 93-3096.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1993.
 
 1
 Before: MILBURN and NELSON, Circuit Judges, and GILMORE, Senior District Judge.*
 
 ORDER
 
 2
 Clyde Wilson, appearing pro se, petitions for review of a decision of the Benefits Review Board denying him benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Mr. Wilson filed his original claim for benefits on May 20, 1976. The Department of Labor denied the claim administratively in 1977. After being reviewed pursuant to § 435 of the Act, see 30 U.S.C. § 902(f), the claim was again denied in December of 1979. The claim was then referred to the Office of Administrative Law Judges, and a formal hearing was held in June of 1981. An Administrative Law Judge (ALJ) subsequently issued a decision and order rejecting the claim. The ALJ found that Wilson had established eight years of coal mining employment and that he was not entitled to benefits under 20 C.F.R. Part 410, Subpart D, because he had failed to establish the existence of pneumoconiosis or a totally disabling respiratory impairment arising from his coal mining employment. On appeal to the BRB, the Board affirmed the ALJ's denial of benefits as supported by substantial evidence.
 
 
 4
 Within one year of the BRB's decision and order, Wilson filed another claim for benefits. Treating the claim as a request for modification pursuant to 20 C.F.R. § 725.310, the Department of Labor denied the request administratively. The matter was then referred to the same ALJ who had issued the original decision and order denying benefits. After reviewing the existing evidence, as well as additional evidence submitted by the parties after the request for modification had been filed, the ALJ determined that no mistake had been made and that the claimant had not shown a material change in condition since the denial of his earlier claim. On appeal, the Board again affirmed the ALJ's decision as supported by substantial evidence. This affirmance is the subject of the present petition for review.
 
 
 5
 Wilson argues here that the ALJ erred 1) by not classifying certain employment at C.S. Moore as coal mining employment and 2) by finding that Wilson did not suffer from pneumoconiosis. Wilson also alleges that the ALJ first awarded benefits, then reversed this award.
 
 
 6
 This court has recognized that it must affirm a decision by the BRB if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court reviews the Board's decision only to determine whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 7
 Because Wilson's second claim was filed within one year of the BRB's order affirming the denial of benefits, the ALJ and the Board properly construed the second claim as one for a request for modification pursuant to 20 C.F.R. § 725.310. The Supreme Court has explained that the factfinder has broad discretion to correct mistakes, whether on the basis of wholly new evidence, cumulative evidence, or further reflection on the evidence initially submitted. O'Keeffe v. Aerojet-General Shipyards, Inc., 404 U.S. 254, 257 (1971) (per curiam). Thus, it was proper for the ALJ to review all of his prior conclusions, to consider new evidence adduced since that time, and to weigh all of the evidence in determining that no mistake of fact had been made and that no change in the claimant's condition had occurred since 1982.
 
 
 8
 Wilson argues that the ALJ did not properly credit him with work for C.S. Moore, Ages Iron and Metal Company. However, as noted by the ALJ, Wilson testified at the hearing that this company was a "junk-yard" and did not involve coal mine work. The ALJ properly discounted any earnings shown on the social security earnings statement of record after 1976, moreover, because Wilson testified that he quit working in January of 1976 pursuant to his family physician's instructions. It is always the claimant's burden to prove the duration of his coal mine employment for purposes of entitlement to benefits. Griffith v. Director, OWCP, 868 F.2d 847, 848-49 (6th Cir.1989). The ALJ properly relied on social security earnings records, as well as the testimony of the claimant himself. The ALJ provided adequate reasons for his findings, see Director, OWCP v. Congleton, 743 F.2d 428, 429 (6th Cir.1984), and the finding of eight years of coal mine employment will not be disturbed.
 
 
 9
 Because Wilson filed his claim in 1976, before the Black Lung Benefits Reform Act of 1977 became effective, the ALJ and Board properly reviewed the claim under Part 410 of the regulations. See 30 U.S.C. § 902(f); Pittston Coal Group v. Sebben, 488 U.S. 105, 108-09 (1988). To be entitled to benefits under Part 410, a claimant must establish that: 1) he or she is a coal miner; 2) he or she is totally disabled due to pneumoconiosis; and 3) the pneumoconiosis arose out of employment in the nation's coal mines. See 20 C.F.R. § 410.410(b).
 
 
 10
 Under 20 C.F.R. § 410.414, pneumoconiosis may be established by X-ray, biopsy, or autopsy evidence. There was no biopsy or autopsy evidence in this case. The ALJ's evaluation of the X-ray readings, which took into account the qualifications of the readers and the dates of the readings, Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 146-149 (1987), was adequate to support the conclusion that Wilson had failed to establish the existence of pneumoconiosis under § 410.414(a).
 
 
 11
 Because Wilson had not shown that he was employed as a miner for fifteen or more years, he could not take advantage of the presumption in § 410.414(b). The ALJ thoroughly and accurately summarized the physicians' reports of record to determine that any impairment Wilson had did not entitle him to benefits under Part 410. 20 C.F.R. §§ 410.414(c), 410.422(a), and 410.426(a). Under this Part, a miner is required to show that his pneumoconiosis was the "primary cause" of his disability. Gastineau v. Mathews, 577 F.2d 356, 360 (6th Cir.1978). In both his original order and his supplemental order denying modification, the ALJ properly considered the qualifications of the physicians reporting on Wilson's condition and the thoroughness of their examinations. Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988); Sexton v. Director, OWCP, 752 F.2d 213, 215-16 (6th Cir.1985). Moreover, the ALJ appropriately refused to consider as evidence of total disability those opinions merely advising against further dust exposure rather than opining that the miner was physically disabled from performing coal mine employment. Zimmerman v. Director, OWCP, 871 F.2d 564, 567 (6th Cir.1989).
 
 
 12
 Although, by its terms, 20 C.F.R. § 410.490 applies only to claims filed before July 1, 1973, the Supreme Court has held that this interim set of regulations must also be applied to claimants who are ineligible to qualify for the interim presumption found in Part 727. Sebben, 488 U.S. at 114-117. See also Youghiogheny & Ohio Coal Co. v. Milliken, 866 F.2d 195, 201 (6th Cir.1989). Neither the ALJ nor the BRB applied this particular subsection to this claim. However, this was harmless error. The presumption under this regulation can only be invoked when pneumoconiosis is established by X-ray, biopsy, or autopsy evidence, or where the claimant establishes 15 years of employment as a miner. 20 C.F.R. § 410.490(b)(1)(i) and (ii). The ALJ found that neither condition was met. Even if the presumption could have been invoked under § 410.490, moreover, the presumption would have been rebutted by the showing that Wilson is able to do his usual coal mine work or comparable and gainful work. 20 C.F.R. § 410.490(c)(2).
 
 
 13
 In its 1992 decision and order affirming the ALJ's decision, the Board noted that subsequent to its prior decision and order, the Sixth Circuit had held Part 718 applicable to claims adjudicated, at least in part, after March 31, 1980. 20 C.F.R. 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989); Knuckles v. Director, OWCP, 869 F.2d 996, 999 (6th Cir.1989). Under Part 718, a claimant must show that: 1) the miner has pneumoconiosis; 2) the pneumoconiosis arose at least in part out of coal mine employment; and 3) the pneumoconiosis rendered the miner totally disabled. 20 C.F.R. §§ 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). In Adams, this court distinguished between the requirement under Part 410 that pneumoconiosis be shown to be the "primary" reason for the disability and the requirement under Part 718 that a totally disabling respiratory impairment be shown to be due "at least in part" to pneumoconiosis. Adams, 886 F.2d at 823-825.
 
 
 14
 This court concludes that, notwithstanding the applicability of the less stringent causation requirement under Part 718, it was harmless error for the ALJ to omit reviewing the claim under this Part. Wilson was not totally disabled, as the ALJ found, and a finding of total disability is essential if benefits are to be awarded under Part 718. Belcher v. Director, OWCP, 895 F.2d 244, 246 (6th Cir.1989).
 
 
 15
 There is no evidence in the record that ALJ Johnson awarded Wilson benefits and then reversed this award. As noted by the BRB, moreover, Johnson's initial adverse ruling is not, in itself, sufficient to show bias. See Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir.1991), cert. denied, 112 S.Ct. 872 (1992). The ALJ was not required to recuse himself for purposes of considering Wilson's request for modification.
 
 
 16
 Accordingly, the petition for review is denied. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation