9 F.3d 107
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ruby DOCKINS, Widow of Horace Dockins, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 93-3642.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1993.
 
 1
 Before: MARTIN and JONES, Circuit Judges, and DeMASCIO, Senior District Judge.*
 
 ORDER
 
 2
 Ruby Dockins, pro se, petitions for review of the Benefits Review Board's (BRB) decision denying her benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This claimant filed for benefits on the basis of the coal mining employment of her deceased husband. The record shows that the miner, Horace Dockins, first filed a claim for black lung benefits on July 28, 1972. This claim was denied by the Social Security Administration (SSA) on July 2, 1973. Thereafter, the miner filed a second claim for benefits, on November 17, 1975. The miner died on April 1, 1976. Ruby Dockins, the surviving widow and the claimant in this case, filed her claim for widow's benefits on April 20, 1976. The SSA treated this survivor's claim as merged with her deceased husband's initial claim, and it was denied by the SSA, in 1978 and 1979. Pursuant to the regulations, the claim was then forwarded to the Department of Labor (DOL) and treated as a new claim for benefits. The claim was denied in 1981, and, in July of that year, the widow requested a hearing before an Administrative Law Judge (ALJ).
 
 
 4
 A hearing was held on March 15, 1985, and, thereafter, the ALJ issued a decision and order rejecting the claim. This decision was affirmed by the BRB, on appeal. Within one year of this final denial by the BRB, Ms. Dockins requested modification of that decision and order, which request was denied by the Deputy Commissioner. The widow then requested a formal hearing, by letter dated December 2, 1988. However, a formal hearing on Ms. Dockins's request for modification was never held. Nevertheless, the ALJ who originally issued the decision and order denying benefits then issued a decision and order denying the motion for modification, on March 10, 1989.
 
 
 5
 Construing the modification request as filed pursuant to 20 C.F.R. Sec. 725.310, as did the ALJ, the Board affirmed the ALJ's decision and order by order dated September 28, 1992. Ms. Dockins then sought reconsideration of the BRB decision, and the Board denied the motion for reconsideration by order dated April 30, 1993.
 
 
 6
 On appeal to this court, the widow makes the following arguments: 1) her husband did suffer from black lung, he was disabled by it, and it contributed to his death; 2) the factfinders did not give "enough weight" to the opinions of her husband's family doctor, Dr. Givens, who submitted medical reports that she alleges establish that the miner was totally disabled by pneumoconiosis; and 3) the Deputy Commissioner and the ALJ erred in finding that her husband worked in underground coal mining less than fifteen to eighteen years, based on the evidence introduced at the hearing and based on her own testimony.
 
 
 7
 This court has recognized that it must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 8
 Notwithstanding the claimant's written request for a hearing that was timely made to the Deputy Commissioner, the ALJ failed to hold a hearing to consider this request. Although it is within the discretion of the ALJ to decide whether a case needs to be reopened "to render justice under the Act," O'Keeffe v. Aerojet-General Shipyards, Inc., 404 U.S. 254, 256 (1971), a petitioner has a right to a hearing before an ALJ on all questions in respect to a claim, when contested issues of fact or law are left unresolved by the Deputy Commissioner. 20 C.F.R. Sec. 725.450; Pyro Mining Co. v. Slaton, 879 F.2d 187, 190 (6th Cir.1989).
 
 
 9
 The plain language of the Longshore Act, incorporated into the Black Lung Benefits Act, 30 U.S.C. Sec. 932(a), mandates that the ALJ hold a hearing on any claim filed with the Deputy Commissioner whenever a party requests such a hearing. See 20 C.F.R. Sec. 725.451. This requirement has been interpreted to apply to all Black Lung claims, including subsequent claims filed under Sec. 725.309 and Sec. 725.310. Lukman v. Director, OWCP, 896 F.2d 1248, 1252-53 (10th Cir.1990). As stated by the Tenth Circuit in Lukman, the regulations do not suggest that a subsequent claim is to be processed any differently from an initial claim or that a subsequent claim does not entitle a party to an ALJ hearing. Lukman, 896 F.2d at 1252. Indeed, by its own provisions, Sec. 725.310 provides that, at the conclusion of modification proceedings, the Deputy Commissioner may issue a proposed decision and order or "forward the claim for a hearing (Sec. 725.421) ..." 20 C.F.R. Sec. 725.310(c).
 
 
 10
 This court has held that the Black Lung Benefits Act follows the Due Process Clause, requiring that a petitioner be given "adequate notice and an opportunity to defend." Warner Coal Co. v. Director, OWCP, 804 F.2d 346, 347 (6th Cir.1986). Particularly where the affected individuals are "of various levels of education, experience, and resources," the individuals must receive notice of the availability of procedures to protect their interests. Jordan v. Director, OWCP, 892 F.2d 482, 488 (6th Cir.1989) (quoting Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 14 n. 15 (1978)). Thus, the ALJ should have permitted the claimant the fullest opportunity to present her arguments before summarily denying her modification request.
 
 
 11
 Moreover, the ALJ credited the miner with only eight years of coal mining employment, notwithstanding the fact that, from 1933 to 1947, it appears that the miner may have worked full time in the mines as well as farming full time. Based on the widow's testimony, there is merit in her argument that the ALJ erred in discounting four months of each year for the reason that, during these months, the miner worked on a farm. Under Part 718, a "working day" means "any day or part of a day for which a miner received pay for work as a miner," for purposes of invoking the presumptions set forth in that Part. 20 C.F.R. Sec. 718.301(a) and (b); Griffith v. Director, OWCP, 868 F.2d 847, 849 (6th Cir.1989). It is always the plaintiff's burden to prove the duration of coal mining employment for purposes of entitlement to benefits. Griffith, 868 F.2d at 848-49. However, the ALJ must set forth sufficient rationale for his findings and the reasons for crediting or rejecting certain evidence and testimony of alleged periods of coal mining employment. Director, OWCP v. Congleton, 743 F.2d 428, 429 (6th Cir.1984). The ALJ's discussion of Ms. Dockins's testimony in regard to her husband's activity as a miner during the same period of time that he worked on the farm is not sufficient to support an ultimate finding that he only worked eight months out of each year in the mines.
 
 
 12
 Should ten years of qualifying coal mining be found upon remand, this claim should also be analyzed under 20 C.F.R. Sec. 410.490 and Part 718 of the regulations because of intervening caselaw that has been decided since the time of the ALJ's original decision and order. See Pittston Coal Group v. Sebben, 488 U.S. 105, 108-109 (1988); Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989); Knuckles v. Director, OWCP, 869 F.2d 996, 999 (6th Cir.1989); see also Youghiogheny & Ohio Coal Co. v. Milliken, 866 F.2d 195, 201 (6th Cir.1989). If the ALJ determines that ten years of coal mining employment can be established, Sec. 410.462 and Sec. 718.303 would be of particular significance in analyzing of this claim, because of the additional presumptions provided therein to widows' claims, such as this one, filed before January 1, 1982. Lastly, the ALJ should reevaluate the x-ray evidence under these separate regulations, in light of the Director's concession that the negative x-ray reading by Dr. Donner should not have been considered. See 30 U.S.C. Sec. 923(b), implemented at 20 C.F.R. Sec. 727.206(b)(1); Bobbitt v. Director, OWCP, 8 BLR 1-380 (BRB 1985).
 
 
 13
 Accordingly, the petition for review of this claim is hereby granted and the BRB's decision and order affirming the denial of benefits is hereby vacated and the case remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert E. DeMascio, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation