47 F.3d 1169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Granville HOLLIN, Petitioner,
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 94-3712.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1995.
 
 Benefits Review Board, Nos. 86-2705 BLA, 88-2504 BLA.
 Ben.Rev.Bd.
 PETITION DENIED.
 Before: WELLFORD, BOGGS and SILER, Circuit Judges.
 
 ORDER
 
 1
 Granville Hollin, pro se, petitions for review of the Benefits Review Board's Decision and Order denying him benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901-945. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hollin filed a Part B claim with the Social Security Administration in 1971. After this claim was denied, Hollin filed Part C claims with the Department of Labor in 1974 and in 1982. These claims were denied by the Department of Labor and the latter claim was eventually referred to the Office of Administrative Law Judges for a hearing. An Administrative Law Judge (ALJ) issued an order denying benefits in 1986, and Hollin appealed this decision to the Board.
 
 
 3
 In 1988, before the Board had issued a decision in his case, Hollin requested modification of the ALJ's denial of benefits and, therefore, the Board remanded to the Deputy Commissioner for consideration of this request. Eventually, this modification request was heard by an ALJ and, in 1994, the Board affirmed both the ALJ order denying benefits and the ALJ order denying modification. In the order denying benefits, the ALJ analyzed Hollin's claim under 20 C.F.R. Sec. 410.490 and under 20 C.F.R. Secs. 410.412-410.462 and determined that Hollin could not establish the existence of pneumoconiosis or total disability. The Board affirmed the ALJ's findings as supported by substantial evidence.
 
 
 4
 On appeal, Hollin argues that the ALJ held a "bad hearing," that the ALJ erred by crediting Hollin with only two years of coal mine employment rather than the alleged ten years, and that the ALJ refused to allow Hollin's spouse to testify at the hearing, concentrating only on Hollin's own testimony and that of his brother.
 
 
 5
 This court has recognized that it must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicble law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 6
 It is always the claimant's burden to prove the duration of his coal mine employment for purposes of entitlement to benefits. Griffith v. Director, OWCP, 868 F.2d 847, 848-49 (6th Cir.1989). An ALJ may rely on social security earnings records, affidavits of former co-workers, relatives and friends of the claimant and testimony of the claimant in determining the length of coal mine employment. Griffith, 868 F.2d at 848-49; Director, OWCP v. Congleton, 743 F.2d 428, 429 (6th Cir.1984). However, the ALJ must set forth the rationale for his findings and the reasons for either crediting or rejecting certain evidence of alleged periods of coal mining employment. Congleton, 743 F.2d at 429; Slusher v. Director, OWCP, No. 92-3237, 1992 U.S.App. LEXIS 34756, at * 10 (6th Cir. Dec. 28, 1992) (per curiam) (unpublished).
 
 
 7
 A review of the evidence reveals that the ALJ properly assigned more probative weight to the social security earnings record because of the equivocal nature of the testimony supplied by the claimant's co-workers and spouse. Thus, the ALJ's finding that Hollin worked only for two years in the coal mines is supported by substantial evidence.
 
 
 8
 Hollin was ineligible to qualify for the interim presumption found in Part 727 because he only worked for two years in coal mine employment. Thus, the ALJ properly analyzed the claim under 20 C.F.R. Sec. 410.490. Pittston Coal Group v. Sebben, 488 U.S. 105, 114-17 (1988). Under this particular subsection, a miner is presumed to be totally disabled due to pneumoconiosis if x-ray, biopsy, or autopsy evidence establishes the existence of the disease, 20 C.F.R. Sec. 410.490(b)(1)(i), or if ventilatory studies establish a chronic respiratory or pulmonary disease. 20 C.F.R. Sec. 410.490(b)(1)(ii). The presumption may be rebutted if the miner is doing his usual coal mine work or comparable or gainful work or is able to perform this work. 20 C.F.R. Secs. 410.490(c)(1) and (c)(2).
 
 
 9
 Based on the x-ray readings, only one of which concludes that Hollin has pneumoconiosis, substantial evidence supports the ALJ's conclusion that Hollin could not establish the existence of pneumoconiosis under Sec. 410.490(b)(1)(i). There is no biopsy or autopsy evidence to invoke the presumption under Sec. 410.490(b)(1)(i). Moreover, the presumption found in Sec. 410.490(b)(1)(ii) could not be applied to the claim because Hollin could not demonstrate at least fifteen years of underground coal mine employment.
 
 
 10
 Pursuant to Sec. 410.490(e), a claim may be analyzed under Secs. 410.412-410.462 when a miner fails to qualify for the presumption provided in Sec. 410.490(b). To be entitled to benefits under this "older" set of regulations originally promulgated by the Secretary of Health, Education and Welfare, a claimant must establish that: 1) he is a coal miner; 2) he is totally disabled due to pneumoconiosis; and 3) his pneumoconiosis arose out of employment in the nation's coal mines. The ALJ properly concluded that Hollin could not show pneumoconiosis by the x-ray evidence or by biopsy or autopsy evidence, for the reasons the ALJ set forth in his prior analysis of that evidence. Moreover, the presumption in Sec. 410.414(b) could not be applied because Hollin had not shown fifteen or more years of underground coal mine experience or "many years of such coal mine employment" as required under Sec. 410.414(b)(4).
 
 
 11
 Because all but one of the pulmonary function and blood gas studies produced values that were non-qualifying under the regulations, Hollin was not entitled to the presumption set forth in 20 C.F.R. Sec. 410.414(c). Likewise, the doctors' reports did not show that Hollin suffered from pneumoconiosis, although most of the reports indicated a history of rheumatic heart disease. Accordingly, the ALJ's conclusion that Hollin was not entitled to benefits under Part 410 of the regulations is supported by substantial evidence.
 
 
 12
 The Board recognized that it was error for the ALJ not to analyze this claim under Part 718 of the regulations, pursuant to the Sixth Circuit's holding in Knuckles v. Director, OWCP, 869 F.2d 996, 999 (6th Cir.1989). However, the Board properly found this error harmless, because the medical evidence was insufficient to establish entitlement under that Part, also. Belcher v. Director, OWCP, 895 F.2d 244, 246 (6th Cir.1989). Applying the ALJ's analysis of the same medical evidence, Hollin could not show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; or 3) the pneumoconiosis has rendered him totally disabled. Therefore, benefits could not be awarded under Part 718. 20 C.F.R. Secs. 712.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989).
 
 
 13
 As properly noted by the ALJ and by the Board, modification may be based upon a mistake in fact or change in conditions. The intended purpose of modification is to vest the factfinder with broad discretion to correct mistakes, whether demonstrated by wholly new evidence, cumulative evidence or merely after further reflection on the evidence initially submitted. O'Keeffe v. Aerojet-General Shipyards, Inc., 404 U.S. 254, 256 (1971) (per curiam). The new evidence submitted by the claimant consisted of: 1) a statement by the claimant, himself; 2) a negative x-ray interpretation; and 3) a non-qualifying pulmonary function study. This evidence does not support a finding of a change in condition or show a mistake of fact by the ALJ in his original decision and order denying benefits. See Consolidated Coal Co. v. Worrell, 27 F.3d 227, 230 (6th Cir.1994); Amax Coal Co. v. Franklin, 957 F.2d 355, 356-58 (7th Cir.1992). Thus, the ALJ's conclusion in this regard is also supported by substantial evidence.
 
 
 14
 Accordingly, the petition for review is denied. Rule 9(b)(3), Rules of the Sixth Circuit.