RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0379P (6th Cir.)
File Name: 03a0379p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

MARGIE MARIE MILLS,
*Petitioner,*

*v.*

DIRECTOR, OFFICE OF
WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
*Respondent.*

No. 02-4209

On Petition for Review of an Order of the Benefits Review
Board, United States Department of Labor.
No. 01-0577 BLA.

Submitted: October 23, 2003

Decided and Filed: October 27, 2003

Before: KEITH, MARTIN, and SUTTON, Circuit Judges.

---

## COUNSEL

**ON BRIEF:** Christian P. Barber, Jeffrey S. Goldberg,
UNITED STATES DEPARTMENT OF LABOR, OFFICE

OF THE SOLICITOR, Washington, D.C., for Respondent.
Margie Marie Mills, Heidrick, Kentucky, pro se.

---

## OPINION

---

BOYCE F. MARTIN, JR., Circuit Judge. Margie Marie
Mills, a Kentucky citizen, petitions pro se for review of an
order of the Benefits Review Board affirming an
administrative law judge's decision denying the claims filed
by Mrs. Mills and her deceased husband for benefits under the
Black Lung Benefits Act, 30 U.S.C. §§ 901-45. This case has
been referred to a panel of the court pursuant to Rule 34(j)(1),
Rules of the Sixth Circuit. Upon examination, this panel
unanimously agrees that oral argument is not needed. Fed. R.
App. P. 34(a).

Mrs. Mills married Fred Mills, a former coal miner, in
1951. Mr. Mills filed a claim for black lung benefits in 1973.
He died of prostate cancer in 1991, and Mrs. Mills filed a
claim for survivor's benefits. Both claims were denied, and
this court denied the petition for review filed in Case No. 97-
4026. Within one year of that decision, Mrs. Mills submitted
a letter asking for modification of the decision. An
administrative law judge determined that no mistake had been
made in denying the earlier claim. The Benefits Review
Board affirmed that decision, and denied a motion for
reconsideration. On appeal, Mrs. Mills argues that mistakes
were made in adjudicating this case, particularly in the
calculation of the length of her husband's coal mine
employment, and the determination of whether he suffered
from pneumoconiosis.

This Court will uphold a decision of the Benefits Review
Board where it is supported by substantial evidence and in
conformance with the applicable law. *Glen Coal Co. v. Seals*,
147 F.3d 502, 510 (6th Cir. 1998). Upon careful

consideration, we conclude that the Board's decision meets this standard.

Because Mrs. Mills requested modification of the previous decision within one year of its issuance, she was entitled to a review of the evidence for a mistake of fact. *Y. & O. Coal Co. v. Milliken*, 200 F.3d 942, 954 (6th Cir. 1999). However, as the administrative law judge noted, Mrs. Mills had filed two letters seeking review of the previous decision: one within one year and one after one year. Therefore, he also examined Mrs. Mills's claim as a duplicate claim, which would require her to demonstrate a "material change" in condition. *Sharondale Corp. v. Ross*, 42 F.3d 993, 996 (6th Cir. 1994). Proving a "material change in condition" requires the claimant to prove one of the elements of entitlement previously adjudicated against her. *Id.* at 997-98. Under either standard of review, Mrs. Mills did not establish entitlement to benefits.

First, Mrs. Mills argues that her deceased husband was not given credit for all of his coal mine employment. Mrs. Mills testified that her husband worked in coal mining as a teenager, before they met, and returned to mining for a period in the 1960s. The record in this case reveals that Mr. Mills's recitation of his work history varied widely from document to document. For example, Mr. Mills's Social Security earnings record displayed that he had only two quarters of coal mine employment. Statements from former co-workers, however, directly conflicted with the Social Security earnings record. Based on this conflicting record, the administrative law judge concluded that the miner could not have worked more than eight and one half years in coal mining. It is the claimant's burden to prove the duration of his coal mine employment. *Griffith v. Director, OWCP*, 868 F.2d 847, 848-49 (6th Cir. 1989). Mrs. Mills has pointed to no evidence that would show that a mistake in fact was made in this determination.

Mrs. Mills also argues that the finding that her husband did not suffer from pneumoconiosis was mistaken. The

administrative law judge carefully reviewed the x-ray evidence and the readings of several qualified physicians that concluded that the x-rays were negative for pneumoconiosis. The only physicians who diagnosed Mr. Mills with pneumoconiosis or determined that his medical condition was related to his coal mine employment had been given exaggerated work histories and their opinions were properly accorded less weight. Because less than ten years of coal mine employment were proven, the miner was not entitled to a presumption that any pneumoconiosis he might have had arose out of his coal mine employment. Absent a showing that the miner had pneumoconiosis, that pneumoconiosis arose out of his coal mine employment, or that death was due to pneumoconiosis, Mr. Mills's claim was properly denied.

Finally, in order to be entitled to benefits on her survivor's claim, Mrs. Mills was required to show that her husband's death was caused or hastened by pneumoconiosis. *Brown v. Rock Creek Mining Co.*, 996 F.2d 812, 816 (6th Cir. 1993). The uncontradicted evidence in the record, however, showed that his death was due to prostate cancer. Accordingly, Mrs. Mills did not demonstrate that a mistake was made and did not demonstrate any of the elements of entitlement that had been previously adjudicated against her in denying her claim. The lack of evidence on the issue of the length of Mr. Mills's coal mine employment, as well as on the medical issues, supports the denial of the claims in this case. Accordingly, the petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.