76 F.3d 378
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GRUNDY MINING COMPANY, Petitioner,
v.
William E. ANDERSON; and Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 94-4126.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1996.
 
 Before: CONTIE, MILBURN, and NORRIS, Circuit Judges.
 MEMORANDUM OPINION
 PER CURIAM.
 
 
 1
 Petitioner Grundy Mining Co. ("Grundy") seeks judicial review of an en banc decision of the United States Department of Labor's Benefits Review Board (the "Board") affirming an award of benefits to respondent William Anderson under the Black Lung Benefits Act, 30 U.S.C.A. §§ 901-945 (West 1995). Because we hold that the determination of the administrative law judge (the "ALJ") that Anderson suffers from pneumoconiosis is not supported by substantial evidence, we reverse.
 
 
 2
 Anderson, a former coal mine worker, applied for black lung benefits in May of 1980. Following two early denials of Anderson's claim, the case was referred to an ALJ. On October 2, 1985, the ALJ awarded benefits to Anderson. Grundy appealed, and the Board remanded for further findings. On March 13, 1989, the ALJ again awarded Anderson black lung benefits. The Board affirmed the ALJ's decision in 1992. Upon Grundy's motion for reconsideration, the Board, sitting en banc, reaffirmed the award of benefits on September 13, 1994. Grundy now seeks judicial review.
 
 
 3
 At issue here is the reliance of the ALJ on the medical opinion of Dr. R. Henry Williams in determining that Anderson suffers from pneumoconiosis. Dr. Williams submitted a letter to the Black Lung Office on March 23, 1981, that reads, in relevant part:
 
 
 4
 I am writing regarding my patient William Anderson, who was recently denied a claim for black lung benefits. I have submitted information previously regarding his disability. I would like to appeal this claim on his behalf since I feel his physical impairment should qualify him for black lung benefits.
 
 
 5
 I have reviewed your criteria for establishing a diagnosis of black lung disease. I feel that this can be substantiated on the basis of the patient's history and spirometry findings. He worked in deep coal mines for 16 years and has had progressive dyspnea on exertion with inability to carry out his usual employment due to fatigue and dyspnea. This respiratory impairment is totally disabling. His chest x-ray does not show findings of pneumoconiosis, but his spirogram performed in my office April 25, 1980 showed an FEV 1 of 0.9 and forced vital capacity of 1.7, indicating severe impairment. This patient has never smoked and hence, it seems reasonable that coal dust exposure has caused this impairment.
 
 
 6
 It is undisputed that the pulmonary function test referred to in Dr. Williams' letter fails to comply with the requirements of 20 C.F.R. § 718.103(b) (1995) in several respects. First, the study was accompanied by only one tracing, rather than the required three. § 718.103(b). Second, the test did not indicate the name of the technician. § 718.103(b)(3). Third, there is no mention of either Anderson's ability to understand the instructions for the test or the degree of his cooperation during the test. § 718.103(b)(5). Each of these requirements exists to ensure the validity of the reported results.
 
 
 7
 As the ALJ's 1985 opinion makes clear, Dr. Williams' letter was the sole basis for the conclusion that Anderson was suffering from pneumoconiosis:
 
 
 8
 In sum, I find Dr. Williams' report the only medical opinion that is sufficient to establish the existence of pneumoconiosis notwithstanding a negative X-ray. It is a well-reasoned and documented report based upon the Claimant's occupational and medical history, symptoms, a chest x-ray, and a pulmonary function test. Moreover, I find Dr. Williams' report entitled to greater weight as it appears that he was the Claimant's treating physician for a period of time. Thus, I find that the Claimant has established the presence of pneumoconiosis, notwithstanding a negative X-ray, pursuant to [20 C.F.R.] § 718.202(a)(4).
 
 
 9
 1985 Slip Op. at 8-9 (footnotes omitted). Noting that Dr. Williams had attributed sixteen years of coal mine employment to Anderson, while the ALJ had found only twelve years, the ALJ dismissed this discrepancy as unimportant in light of the lack of clear evidence concerning the exact length of Anderson's employment. Id. at 9 n. 10. In addition, the ALJ's 1989 opinion found that "Dr. Williams' documented and well-reasoned medical opinion is the most compelling single piece of evidence in the record." 1989 Slip Op. at 3. In the decision from which Grundy seeks review, the Board held that the ALJ had acted within his discretion in crediting Dr. Williams' letter despite the non-conforming pulmonary function test; and it affirmed the finding of disability.
 
 
 10
 As the factual finding of disability due to pneumoconiosis is at issue, we must determine whether the decision of the ALJ is supported by substantial evidence, Consolidation Coal Co. v. Worrell, 27 F.3d 227, 230-31 (6th Cir.1994), which is "such evidence as a reasonable mind might accept as adequate to support a conclusion." Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Because the ALJ relied solely on the letter from Dr. Williams in finding that Anderson suffers from pneumoconiosis, the real question here is whether that letter, based almost entirely on a pulmonary function test that fails to meet the regulatory requirements for such tests, can amount to substantial evidence that would support the ALJ's finding.
 
 
 11
 We hold that where the most significant medical evidence of the existence of pneumoconiosis relied on by the ALJ is based on a pulmonary function test that does not substantially comply with the applicable regulations, and where there is no other credible evidence of the illness, a finding by the ALJ that the claimant suffers from black lung disease is not supported by substantial evidence. The letter of Dr. Williams was described by the ALJ as the most important evidentiary item, and the centerpiece of Dr. Williams' diagnosis was the flawed pulmonary function test. The finding that Anderson suffers from pneumoconiosis is not, therefore, supported by substantial evidence.
 
 
 12
 Accordingly, the decision of the Board is reversed.