77 F.3d 482
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George PAULEY, Petitioner,
v.
WOLF CREEK COLLIERIES; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 95-3770.
 United States Court of Appeals, Sixth Circuit.
 Feb. 15, 1996.
 
 1
 Before: MERRITT, Chief Judge; BOGGS, Circuit Judge, and O'MEARA District Judge.*
 
 ORDER
 
 2
 George Pauley, proceeding pro se, petitions for review of the Benefits Review Board's decision and order denying him benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-945. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Pauley filed this claim for benefits on July 1, 1993. The Department of Labor administratively denied this claim and it was referred to an Administrative Law Judge (ALJ) for a hearing. The ALJ then issued a decision and order denying benefits and the Board affirmed the ALJ's decision as supported by substantial evidence. On appeal to this court, Pauley argues he is disabled due to his black lung disease and that the ALJ should have considered all the medical opinions as having an equal amount of probative value rather than giving more credibility to the medical opinion of a physician hired by the coal company to examine him.
 
 
 4
 This court must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). The court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Youghiogheny & Ohio Coal Co. v. Webb, 49 F.3d 244, 246 (6th Cir.1995); Consolidation Coal Co. v. Worrell, 27 F.3d 227, 230-31 (6th Cir.1994). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 5
 Because Pauley's claim was filed after March 31, 1980, the ALJ and Board properly analyzed it under Part 718 of the regulations. 20 C.F.R. § 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989). To establish eligibility for benefits under Part 718, a miner must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. §§ 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Adams, 886 F.2d at 820.
 
 
 6
 There is no dispute that Pauley suffers from pneumoconiosis, as proven by the x-ray evidence. 20 C.F.R. § 718.202(a)(1). Moreover, the parties agree that this disease arose out of Pauley's coal mining employment. 20 C.F.R. § 718.203. However, to be entitled to benefits, Pauley must still establish that he is totally disabled due to this disease. 20 C.F.R. § 718.204(c); Adams, 886 F.2d at 820.
 
 
 7
 Total disability may be established through criteria set forth in § 718.204(c)(1)-(5). These criteria include pulmonary function tests, blood gas studies, a finding of cor pulmonale with right-sided congestive heart failure, or by a physician's reasoned medical judgment. An ALJ must weigh all the evidence in these categories to make a disability determination. Tussey v. Island Creek Coal Co., 982 F.2d 1036, 1041 (6th Cir.1993).
 
 
 8
 Upon review, this court concludes that the ALJ properly weighed all the relevant medical evidence to conclude that Pauley was not disabled. Thus, the ALJ's determination that Pauley is not entitled to benefits is supported by substantial evidence.
 
 
 9
 Accordingly, the petition for review is denied. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. O'Meara, United States District Judge for the Eastern District of Michigan, sitting by designation