82 F.3d 419
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ranie J. WHITE, Petitioner,
v.
ARCH ON the NORTH FORK, INC.; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 95-4062.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1996.
 
 1
 Before: MERRITT, Chief Judge; MILBURN, Circuit Judge, and O'MALLEY, District Judge.*
 
 ORDER
 
 2
 Ranie J. White, proceeding pro se, petitions for review of the Benefits Review Board's decision and order affirming the ALJ's dismissal of her claim for survivor's benefits filed under the Black Lung Benefit Act. 30 U.S.C. §§ 901-45. This case has been referred to a panel of the court pursuant to Rule 9(a). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This claim, filed on July 22, 1993, is White's third claim for benefits. The claim was administratively denied and referred to an Administrative Law Judge (ALJ) for a hearing. The ALJ issued an order of dismissal, based on a finding that the claim was barred under the Black Lung regulations. The Board affirmed this decision.
 
 
 4
 On appeal to this court, White argues that she should be awarded benefits if she was denied benefits only because she did not refile a claim within one year after her first claim was denied, in 1986. White also describes the dusty environment in which her late husband worked and claims that she should be able to receive benefits after showing that her deceased husband "had the years in coal dust and related work."
 
 
 5
 This court must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). The court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Youghiogheny & Ohio Coal Co. v. Webb, 49 F.3d 244, 246 (6th Cir.1995); Consolidation Coal Co. v. Worrell, 27 F.3d 227, 230-31 (6th Cir.1994). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 6
 The ALJ and Board properly applied 20 C.F.R. § 725.309(c) to conclude that White's most recent claim was a "duplicate" claim, because White's subsequent claim was filed beyond the one-year limit after the final denial of her first claim. 20 C.F.R. § 725.309(d); Sharondale Corp. v. Ross, 42 F.3d 993, 996 (6th Cir.1994). When filing a duplicate claim, the claimant must show a "material change" in the miner's condition before the claimant is entitled to further adjudication. Id. The purpose of § 725.309(d), in accordance with congressional intent, is to provide relief from the ordinary principles of finality and res judicata to any miner whose physical condition deteriorates due to the progressive nature of black lung disease. Lukman v. Director, OWCP, 896 F.2d 1248, 1253 (10th Cir.1990). This congressional purpose is not applicable to this claim based on a deceased miner's condition. Thus, the ALJ's decision is supported by substantial evidence and is in accordance with the applicable law.
 
 
 7
 Accordingly, the petition for review is denied. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Kathleen M. O'Malley, United States District Judge for the Northern District of Ohio, sitting by designation