95 F.3d 1152
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bobby L. MAY, Petitioner,
v.
BIG BOTTOM COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 95-4202.
 United States Court of Appeals, Sixth Circuit.
 Aug. 28, 1996.
 
 1
 Ben.Rev.Bd., No. 94-3888 BLA.
 
 
 2
 Ben.Rev.Bd.
 
 
 3
 REVIEW DENIED.
 
 
 4
 Before: SILER and BATCHELDER, Circuit Judges; CARR, District Judge.*
 
 ORDER
 
 5
 Bobby L. May, proceeding pro se, petitions for review of a Benefits Review Board decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-45. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 6
 May filed his claim for benefits on January 29, 1993. The Department of Labor administratively denied this claim and it was referred to an Administrative Law Judge (ALJ) for a hearing. The ALJ issued a decision and order denying benefits, and the Board affirmed the ALJ's decision. On appeal to this court, May argues that the ALJ did not consider the arterial blood gas study results from a test conducted February 22, 1993. May also argues that the ALJ did not afford the proper weight to Dr. Ranavaya's opinion that May suffered from pneumoconiosis.
 
 
 7
 This court must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). The court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Youghiogheny & Ohio Coal Co. v. Webb, 49 F.3d 244, 246 (6th Cir.1995); Consolidation Coal Co. v. Worrell, 27 F.3d 227, 230-31 (6th Cir.1994).
 
 
 8
 Because May filed his claim after March 31, 1980, the ALJ properly analyzed the claim under Part 718 of the regulations. 20 C.F.R. § 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989). To establish eligibility for benefits under Part 718, a miner must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. §§ 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Adams, 886 F.2d at 820.
 
 
 9
 Substantial evidence supports the ALJ's conclusion that the x-ray evidence did not establish the existence of pneumoconiosis under 20 C.F.R. § 718.202(a)(1). Only one out of the nine readings was positive for the disease. All of the readings were by B-readers and some of the readers were also board-certified radiologists. The ALJ met this court's directive of making a qualitative evaluation of these readings, considering the qualifications of the readers, as well as a quantitative evaluation, before concluding that the x-ray evidence did not support a finding of pneumoconiosis. Woodward v. Director, OWCP, 991 F.2d 314, 321 (6th Cir.1993).
 
 
 10
 Substantial evidence also supports the ALJ's conclusion that May did not establish pneumoconiosis by a physician's reasoned medical judgment. 20 C.F.R. § 718.202(a)(4). Only Dr. Ranavaya diagnosed pneumoconiosis. This physician's qualifications are not revealed in the record. Contrary to May's argument, the ALJ did consider Dr. Ranavaya's report, but appropriately assigned less probative weight to this physician's opinion because the objective studies underlying his opinion were questionable. See Tennessee Consol. Coal Co. v. Crisp, 866 F.2d 179, 185 (6th Cir.1989). Four other physicians, Drs. Zaldivar, Lane, Anderson, and Fino, opined that there was no evidence May suffered from pneumoconiosis or any respiratory impairment arising out of his past coal mining employment. Drs. Zaldivar, Anderson and Fino are all internists and pulmonary specialists. This court must defer to an ALJ's determinations of credibility and resolutions of inconsistencies in testimony, including the weight to be accorded to the physicians' opinions of record, when the ALJ's conclusions are supported by substantial evidence. Worrell, 27 F.3d at 231. Thus, the ALJ could properly assign greater probative weight to the report by Dr. Zaldivar, a more qualified physician.
 
 
 11
 There is no merit to May's argument that the ALJ did not properly consider results from a blood gas study conducted on February 22, 1993. Evidence that a miner may be suffering from a respiratory or pulmonary impairment does not establish that the miner's impairment is due to pneumoconiosis. 20 C.F.R. § 718.205(c)(5). Thus, the ALJ was not obligated to discuss the blood gas study results after finding that May could not establish that he suffered from pneumoconiosis.
 
 
 12
 Accordingly, the petition for review is denied. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation