101 F.3d 702
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James H. DIXON, Petitioner,
v.
GREAT WESTERN RESOURCES; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 96-3561.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1996.
 
 1
 Ben.Rev.Bd., No. 95-1734 BLA.
 
 
 2
 Ben.Rev.Bd.
 
 
 3
 REVIEW DENIED.
 
 
 4
 Before: KENNEDY and BATCHELDER, Circuit Judges; EDGAR, District Judge.*
 
 ORDER
 
 5
 James H. Dixon, proceeding pro se, petitions for review of a Benefits Review Board decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 6
 Dixon filed his claim for benefits on July 27, 1992. The Department of Labor administratively denied his claim and it was referred to an administrative law judge (ALJ) for a hearing. Eventually, the ALJ issued a decision and order denying benefits, and the Board affirmed the ALJ's decision. On appeal to this court, Dixon argues that the agency "overlooked" certain positive x-ray readings in the record and disregarded his poor respiratory condition.
 
 
 7
 This court must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). The court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Youghiogheny & Ohio Coal Co. v. Webb, 49 F.3d 244, 246 (6th Cir.1995); Consolidation Coal Co. v. Worrell, 27 F.3d 227, 230-31 (6th Cir.1994).
 
 
 8
 Because Dixon filed his claim after March 31, 1980, the ALJ and the Board properly analyzed the claim under Part 718 of the regulations. 20 C.F.R. § 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989). To establish eligibility for benefits under Part 718, a miner must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. §§ 718.2, 718.202-.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Adams, 886 F.2d at 820.
 
 
 9
 Substantial evidence supports the ALJ's conclusion that the x-rays did not establish the existence of pneumoconiosis under 20 C.F.R. § 718.202(a)(1). All of the readings that were positive for the existence of pneumoconiosis were reread as negative by several B-readers and board-certified radiologists. A majority of the readings by the more qualified readers were negative. The ALJ met this court's directive of making a qualitative evaluation of these readings, considering the qualifications of the readers, as well as a quantitative evaluation of the readings, before concluding that the x-ray evidence did not support a finding of pneumoconiosis. Woodward v. Director, OWCP, 991 F.2d 314, 321 (6th Cir.1993).
 
 
 10
 Dixon could not establish pneumoconiosis under § 718.202(a)(2), because there was no biopsy or autopsy evidence in the record. The presumptions found in §§ 718.304-.306 were not applicable to Dixon's claim.
 
 
 11
 Of the three physicians' opinions of record, the more reasoned opinions, by Drs. Dahhan and Broudy, concluded that the claimant did not have coal workers' pneumoconiosis and that Dixon had no respiratory impairment preventing him from performing his usual occupation as a coal miner. The ALJ could properly assign less weight to Dr. Clarke's report, because the objective evidence underlying Dr. Clarke's opinion was questionable. See Tennessee Consol. Coal Co. v. Crisp, 866 F.2d 179, 185 (6th Cir.1989). This court will defer to the ALJ's determinations of credibility and resolutions of inconsistencies in the testimony, including the weight to be accorded to the physicians' opinions of record, because the ALJ's conclusions are supported by substantial evidence. Worrell, 27 F.3d at 231. Thus, Dixon did not establish the existence of pneumoconiosis under § 718.202(a)(4).
 
 
 12
 The ALJ's conclusion that Dixon could not show total disability is also supported by substantial evidence. This evidence includes non-qualifying pulmonary function test results, qualifying and non-qualifying blood gas study results, and the opinions of Drs. Dahhan and Broudy stating that Dixon was not disabled and had no respiratory impairment. The ALJ properly weighed all relevant evidence permitted under § 718.204(c)(1)-(5) before concluding that Dixon was not disabled. Tussey v. Island Creek Coal Co., 982 F.2d 1036, 1041 (6th Cir.1993).
 
 
 13
 Accordingly, this petition for review is denied. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, United States District Judge for the Eastern District of Tennessee, sitting by designation