103 F.3d 129
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Casslee GIBSON, Petitioner,
v.
JASPER IRON & METAL, INC.; American Resources Insurance
Company; Debra Lynn Coal Company; Director,
Office of Workers' Compensation
Programs, United States
Department of Labor,
Respondents.
 No. 96-3607.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1996.
 
 1
 Ben.Rev.Bd., No. 95-1506 BLA.
 
 
 2
 Ben.Rev.Bd.
 
 
 3
 REVIEW DENIED.
 
 
 4
 Before: NELSON and DAUGHTREY, Circuit Judges; COHN, District Judge.*
 
 ORDER
 
 5
 Casslee Gibson, proceeding pro se, petitions for review of a Benefits Review Board's decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 6
 Gibson filed his claim for benefits on April 14, 1992. The Department of Labor administratively denied this claim and it was referred to an administrative law judge (ALJ) for a hearing. The ALJ issued a decision and order denying benefits, and the Board affirmed the ALJ's decision. On appeal to this court, Gibson argues that the x-ray evidence establishes that he suffers from pneumoconiosis, that the agency failed to consider the number of years he worked in "dusty coal fields," and that the ALJ did not afford proper weight to Dr. Clarke's medical opinion that Gibson is totally disabled due to pneumoconiosis.
 
 
 7
 This court concludes that the Board's decision must be affirmed, because the Board did not commit any legal error or exceed its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). The court must review the decision to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Youghiogheny & Ohio Coal Co. v. Webb, 49 F.3d 244, 246 (6th Cir.1995); Consolidation Coal Co. v. Worrell, 27 F.3d 227, 230-31 (6th Cir.1994).
 
 
 8
 The ALJ and the Board properly applied Part 718 to analyze this claim, because it was filed after March 31, 1980. 20 C.F.R. § 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989). To establish eligibility for benefits under Part 718, a miner must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. §§ 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Id.
 
 
 9
 Substantial evidence supports the ALJ's conclusion that the x-ray evidence did not meet the claimant's burden of establishing that he suffered from pneumoconiosis. Of the x-rays read by board-certified radiologists and B-readers, twelve were negative for the existence of pneumoconiosis and four were positive. The ALJ met this court's directive of making a qualitative evaluation of the readings, considering the qualifications of the readers, as well as a quantitative evaluation of the x-rays. Woodward v. Director, OWCP, 991 F.2d 314, 321 (6th Cir.1993); Ferda, 879 F.2d at 205. Thus, this court will not disturb the ALJ's conclusion that the x-ray evidence did not establish that Gibson suffered from pneumoconiosis under § 718.202(a)(1).
 
 
 10
 Gibson could not establish pneumoconiosis under § 718.202(a)(2), because there was no biopsy or autopsy evidence in the record. The presumptions found in §§ 718.304-718.306 are not applicable to Gibson's claim.
 
 
 11
 The claimant did not establish the existence of pneumoconiosis under § 718.202(a)(4), because the two medical reports of record, by Drs. Lane and Dahhan, conclude that Gibson did not suffer from pneumoconiosis. The ALJ properly refused to admit into evidence Dr. Clarke's report, because it was withheld until the claim was forwarded to the Office of Administrative Law Judges, and no extraordinary circumstances were shown to excuse the claimant's failure to introduce this evidence at the time the claim was pending before the District Director. 20 C.F.R. §§ 725.416(e)(1) and 725.456(d).
 
 
 12
 Substantial evidence also supports the ALJ's determination that Gibson could not establish total disability under the regulations. None of the pulmonary function or blood gas study tests revealed qualifying values under §§ 718.204(c)(1) or (c)(2), and there was no evidence of cor pulmonale, pursuant to § 718.204(c)(3). Gibson could not establish total disability under § 718.204(c)(4), because the two physicians' reports state that the claimant suffered from no respiratory impairment whatsoever. Section 718.204(c)(5) does not apply to Gibson's claim. Thus, even if Gibson could establish he suffered from pneumoconiosis, he could not establish that he was totally disabled due to that disease so that he would be entitled to benefits.
 
 
 13
 Accordingly, Gibson's petition for review is denied. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation