**David L. LITTLE, Petitioner,**

v.

**NATIONAL MINES CORPORATION; Old Republic Insurance Company; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 00–3921.

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2001.

Before DAUGHTREY and GILMAN, Circuit Judges; COLLIER, District Judge.*

## *ORDER*

David L. Little, a Kentucky resident, petitions pro se for review of an order of the Benefits Review Board affirming the denial of benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Little was born in 1934. He worked in coal mining for eighteen years before retiring in 1988. His medical history in-

---

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

cludes a stroke, back injury, and heart disease. Little first filed a claim for black lung benefits in 1988, which was denied at the administrative level and not appealed. He filed a duplicate claim in 1991. That claim eventually was denied by an administrative law judge (ALJ), and affirmed by the Benefits Review Board (Board). Little filed a request for modification of that denial, which was again denied by an ALJ and affirmed by the Board.

Little now argues that insufficient weight was given to the opinions of physicians who actually examined him, as opposed to those who only reviewed the medical evidence of record. He also argues that this denial of benefits is inconsistent with the award of benefits he received in his claim for state disability benefits.

Upon careful consideration, we conclude that the petition for review must be denied, because the ALJ's decision is supported by substantial evidence and in accordance with the applicable law. *See Youghiogheny & Ohio Coal Co. v. Webb,* 49 F.3d 244, 246 (6th Cir.1995).

■ When a duplicate claim for black lung benefits is filed, the ALJ reviews the new evidence to determine whether it establishes one of the elements of entitlement previously determined against the claimant, in order to demonstrate a change in condition. *Sharondale Corp. v. Ross,* 42 F.3d 993, 997–98 (6th Cir.1994). When a request for modification is filed, the ALJ reviews all of the evidence to determine whether a mistake of fact was made or a change in condition has been established. *Consolidation Coal Co. v. Worrell,* 27 F.3d 227, 230 (6th Cir.1994). Under either of these standards, this claim fails, because Little never established that he is totally disabled by pneumoconiosis.

■ There is no biopsy evidence in the record, and none of the regulatory presumptions are applicable; therefore, Little could establish the existence of pneumoconiosis either by X-ray evidence or by a doctor's diagnosis. *See* 20 C.F.R. § 718.202(a). There are a handful of positive X-ray readings in the record, three of which preceded the decision on ·Little's original claim. The two films read as positive in conjunction with the duplicate claim were reread as negative by a number of physicians. In all, the positive X-rays of record are outnumbered ten to one by negative readings, and the ALJ properly determined that the existence of pneumoconiosis was not established by this evidence, nor was any change of condition shown. The only physicians who diagnosed pneumoconiosis did so on the basis of their positive X-ray readings, and their opinions were therefore entitled to little weight. *See Island Creek Coal Co. v. Compton,* 211 F.3d 203, 211–12 (4th Cir. 2000).

■ Even if the existence of pneumoconiosis had been established, moreover, the evidence of record also failed to establish that Little is totally disabled under § 718.204(c). There were no qualifying pulmonary function studies or blood gas studies, and no diagnosis of cor pulmonale. The only doctor who opined that Little was disabled due to pneumoconiosis did so in a report issued prior to the denial of the original claim; it therefore does not support a finding of a change in condition. *See Sharondale Corp.,* 42 F.3d at 997–98. Moreover, his conclusion was outweighed by the numerous opinions to the contrary which were supported by the objective test results.

■ Finally, we conclude that Little's arguments are without merit. A doctor's opinion may not be discredited solely because he did not examine the miner. *Island Creek,* 211 F.3d at 211–12. The result of Little's state disability proceeding

is also not determinative here, because his award was based on a finding of pneumoconiosis without disfunction, which does not qualify for an award of federal black lung benefits.

For all of the above reasons, the petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.