**Maxie L. SCOTT, Widow of Bilton Scott, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United States Department of Labor, Respondent.**

**No. 00–4498.**

United States Court of Appeals, Sixth Circuit.

June 15, 2001.

Before RYAN and COLE, Circuit Judges; MARBLEY, District Judge.*

Maxie L. Scott, a Kentucky citizen, petitions pro se for review of the decision of the Benefits Review Board affirming the denial of her claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Mrs. Scott is the widow of a coal miner. The miner was born on March 24, 1924. He worked in coal mining for eight and one-half years, ending in 1960, after which he engaged in non-coal mining work. He filed three claims for black lung benefits during his lifetime, all of which were denied. The record also shows that the miner had a heavy smoking history prior to his first heart attack in 1987. Following his death on February 9, 1993, Mrs. Scott requested modification of the most recent decision denying the miner's claim for black lung benefits, and also filed a claim for survivor's benefits.

An administrative law judge (ALJ) issued a decision denying both claims, concluding that no change in condition or mistake of fact had been shown with regard to the miner's claim, and that Mrs. Scott had not established that the miner's death was due to pneumoconiosis in order to be eligible for survivor's benefits. The Benefits Review Board affirmed this decision. Mrs. Scott filed a timely appeal. In lieu of a brief, she has submitted copies of two doctor's reports which were already in the record. Respondent argues that, to the extent Mrs. Scott has not waived review of the decision below by failing to brief the issues, the decision should be affirmed as supported by substantial evidence.

█ Upon careful consideration, we conclude that we must deny the petition for review, because the decision below is supported by substantial evidence and in accordance with the governing law. *See Consolidation Coal Co. v. Worrell*, 27 F.3d 227, 230–31 (6th Cir.1994).

█ Mrs. Scott requested modification of the denial of the miner's claim for benefits. In order to be entitled to modifi-cation, the record must demonstrate a change in condition or a mistake of fact. *Id.* at 230. The miner's claim had been denied because, although it had been established that he suffered from pneumoconiosis, it did not appear that he was totally disabled by that disease. The burden of proving each element of entitlement by a preponderance of the evidence is on the claimant. *Adams v. Director, OWCP*, 886 F.2d 818, 820 (6th Cir.1989). The ALJ reviewed the evidence regarding total disability in deciding the request for modification. He noted that only one of six pulmonary function studies yielded qualifying values, and that study was questionable since it was out of line with the other results. None of the blood gas studies produced qualifying results, and there was no diagnosis of cor pulmonale. Of the physicians' opinions, only Dr. Clarke clearly found a total disability from a respiratory standpoint, and his opinion was outweighed by those of the other physicians and the objective evidence. Therefore, no mistake of fact was apparent. The new evidence submitted with the request for modification also did not demonstrate a change in condition, as it was not supportive of a finding of total disability. Therefore, we conclude that the denial of the request for modification on the miner's claim was supported by substantial evidence and in accordance with the applicable law.

█ In order to be entitled to benefits on her survivor's claim, Mrs. Scott had to establish that pneumoconiosis hastened the miner's death. *See Brown v. Rock Creek Mining Co.*, 996 F.2d 812, 816 (6th Cir.1993). The evidence regarding the cause of death was limited to the death certificate and an opinion from a physician who reviewed all of the medical evidence of record. The death certificate was completed by a coroner who was not a physician. He listed the cause of death as a

myocardial infarction. After being shown doctors' reports diagnosing pneumoconiosis by the miner's daughter, he added a notation of pneumoconiosis on the line for "other significant conditions contributing to death but not resulting in the underlying cause." The reviewing physician, on the other hand, concluded that the medical evidence did not support a finding that pneumoconiosis hastened the miner's death, as only early stage pneumoconiosis was established, with a minimal impairment. The ALJ credited the reviewing physician's opinion over that of the coroner, who was not a physician and who did not explain how pneumoconiosis contributed to the miner's death. *Cf. Lango v. Director, OWCP,* 104 F.3d 573, 577 (3d Cir.1997) (physician's statement that pneumoconiosis hastened death, without explanation, is insufficient). Therefore, we find that the ALJ's decision to deny the survivor's claim is also supported by substantial evidence and in accordance with the law.

For all of the above reasons, the petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.