**Patty R. MEADE, Widow of Raymond Meade, Petitioner,**

*v.*

**NATIONAL MINES CORPORATION; Old Republic Insurance Company; Director, Office of Workers' Compensation Programs, United States, Respondents.**

No. 02–3405.

United States Court of Appeals,
Sixth Circuit.

Sept. 18, 2002.

Before GUY and BATCHELDER,

Circuit Judges; QUIST, District Judge.*

Patty R. Meade, a Kentucky citizen, petitions pro se for review of a Benefits Review Board order affirming an administrative law judge's decision denying her claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Mrs. Meade is the widow of a coal miner who died in 1982. She first applied for survivor's benefits in 1983. That claim was merged with the pending miner's claim, and finally denied in February, 1989. Mrs. Meade filed a second claim for benefits in 1990, which was finally denied in May, 1991. This claim, her third, was filed in July, 1999. An administrative law judge determined that the claim must be denied, as it was a duplicate claim filed more than one year following the final denial of the previous claim. The Benefits Review Board affirmed this order, and denied Mrs. Meade's motion for reconsideration. On appeal, Mrs. Meade argues that the medical evidence supported her previous claim for benefits.

This court reviews the decision of the administrative law judge in a black lung case to determine whether it is supported by the evidence and in accordance with the applicable law. *Peabody Coal Co. v. Greer,* 62 F.3d 801, 804 (6th Cir.1995).

Under the regulations governing black lung claims, a party may request modification of a decision within one year of its issuance. 20 C.F.R. § 725.310; *Consolida-* *tion Coal Co. v. Worrell,* 27 F.3d 227, 230 (6th Cir.1994). If a new claim is filed beyond the one-year limit, it is a duplicate claim, and a miner must show a material change in condition to be entitled to further adjudication. 20 C.F.R. § 725.309(d); *Sharondale Corp. v. Ross,* 42 F.3d 993, 996 (6th Cir.1994). The purpose of § 725.309(d) is to provide relief from the ordinary principles of finality and res judicata to a miner whose physical condition deteriorates due to the progressive nature of black lung disease. *Lukman v. Director, OWCP,* 896 F.2d 1248, 1254 (10th Cir.1990). There is no such provision for duplicate survivor's claims, as there can be no material change in the condition of the deceased miner. Therefore, duplicate survivor's claims, filed more than one year after the final decision in a previous claim, must be denied. A survivor may not challenge the merits of the previous decision, as Mrs. Meade has attempted to do here, more than one year after the denial of the claim.

Because the decision below was in accordance with the applicable law, the petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

---

* The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.