**KENTUCKY CARBON CORPORATION,**
Petitioner,

v.

**Jack R. BLANKENSHIP; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 02–3508.

United States Court of Appeals,
Sixth Circuit.

Jan. 29, 2003.

Before BATCHELDER, MOORE and CLAY, Circuit Judges.

## *ORDER*

Kentucky Carbon Corp., a coal mine operator, petitions through counsel for review of an order of the Benefits Review Board which affirmed an administrative law judge's decision awarding benefits to a former employee under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not necessary in this case, Fed. R.App. P. 34(a).

The miner, Jack R. Blankenship, is a sixty-two year old former employee of Kentucky Carbon with a seventh grade education. He last worked for Kentucky Carbon in 1982 as a foreman. The parties agree that the miner had at least ten years of coal mine employment. He filed a claim for benefits in 1983, which was denied on the basis that, although he was found to have pneumoconiosis, he did not establish that he was totally disabled. The miner's petition for review to this court was denied. In 1995, he filed a second claim. The administrative law judge (ALJ) concluded that the miner had established a material change in condition in that he now was totally disabled. However, after re-

viewing all of the evidence, the ALJ found that the miner did not have pneumoconiosis, and therefore denied the claim. The Benefits Review Board affirmed that decision. Less than one year later, the miner submitted new evidence with a request for modification. The case again was heard by an ALJ, who agreed with the earlier finding that a material change in condition was presented. This time, on review of all the evidence, the ALJ also found that the miner had pneumoconiosis arising out of his coal mine employment, and that his total disability was due at least in part to pneumoconiosis, and awarded benefits. The Benefits Review Board affirmed that decision.

Kentucky Carbon argues in its brief that the ALJ erred in not requiring the miner to establish another material change in condition to support his request for modification. Kentucky Carbon also challenges the conclusions of the ALJ on the existence of pneumoconiosis arising out of coal mine employment, and total disability due to pneumoconiosis. The miner argues that the petition for review should be denied. Counsel for the Director of the Office of Workers' Compensation Programs has submitted a brief addressing only the first of Kentucky Carbon's arguments, regarding the requirement of a material change in condition in a request for modification.

■ This court's scope of review in a black lung benefits claim is very narrow; where an ALJ's decision is supported by substantial evidence and in accordance with the law, a petition for review will be denied even if alternate conclusions are possible. *Y. & O. Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir.1995).

■ Kentucky Carbon's main argument, that the miner was required to demonstrate a second material change in condition in order to support a request for modification, is properly pointed out by counsel for the Director to be without merit. The miner's first claim was denied because, while the evidence showed that he had pneumoconiosis arising out of his coal mine employment, it did not show that he was totally disabled. When the miner filed his second, duplicate claim, he was required under 20 C.F.R. § 725.309 to establish a material change in condition. This court has construed that section as requiring a miner to establish one of the elements of entitlement previously adjudicated against him. *Sharondale Corp. v. Ross*, 42 F.3d 993, 997–98 (6th Cir.1994). In this case, the element previously adjudicated against the miner was that of total disability. In his duplicate claim, he did establish a material change in condition, as the ALJ found that the evidence now showed a total disability. However, the ALJ, after reviewing all of the evidence of record, concluded that the miner did not have pneumoconiosis arising out of his coal mine employment, and again denied the claim. The miner requested modification of that decision within one year. Under 20 C.F.R. § 725.310, he was entitled to modification if he demonstrated that the decision was based on a mistaken determination of fact. *Consolidation Coal Co. v. Worrell*, 27 F.3d 227, 230 (6th Cir.1994). Contrary to Kentucky Carbon's argument, the miner was not required to establish another element of his claim that had been adjudicated against him. As all of the elements of his claim had been adjudicated in his favor at some point in the record, this would have been an impossibility. Instead, the ALJ properly reviewed the prior decision for a mistaken determination of fact. The ALJ agreed with the finding of a material change in condition, but found that the evidence supported a finding that the miner had pneumoconiosis arising out of his coal mine employment which contributed to his total disability.

Kentucky Carbon also challenges the ALJ's conclusions regarding the elements of entitlement on the merits. First, Kentucky Carbon takes issue with the ALJ's analysis of the X-ray evidence. The ALJ noted that several physicians submitted X-ray reports in which they marked the areas indicating that there were opacities on the films which were consistent with pneumoconiosis, but noted in the comment field that they believed the opacities showed sarcoidosis rather than coal worker's pneumoconiosis (CWP). The ALJ considered these readings positive for pneumoconiosis, and discussed the comments in determining whether the pneumoconiosis arose out of the miner's coal mine employment. Because the miner had more than ten years of coal mine employment, he was entitled to a presumption that his pneumoconiosis arose out of that employment. Because there was no biopsy evidence to conclusively determine whether the opacities on the X-rays were due to CWP or sarcoidosis, the ALJ concluded that the presumption that the pneumoconiosis arose out of coal mine employment was not rebutted. This conclusion was in accordance with the law and was supported by substantial evidence.

Kentucky Carbon also argues that the ALJ erred in concluding that the miner was totally disabled due to pneumoconiosis. The miner was required to show that his total disability was due, at least in part, to pneumoconiosis. *Adams v. Director, OWCP,* 886 F.2d 818, 825 (6th Cir.1989). The miner's treating physicians found him totally disabled due in part to pneumoconiosis, based on his constant wheezing, shortness of breath with minimal exertion, productive cough and resulting chest pains. The doctors who examined the miner on behalf of Kentucky Carbon opined that his disability was due to smoking, based on elevated carboxyhemoglobin results, which they opined showed that the miner was currently smoking as much as two packs of cigarettes daily. The miner testified that he had quit smoking some years ago and had been only a light smoker in his youth. His wife supported that testimony. The treating physicians opined that the elevated carboxyhemoglobin results could be due to a number of other conditions, including a faulty furnace in the miner's home. The ALJ rejected the conclusion that the respiratory disability was due to smoking, because none of the examining physicians had noted that the miner smelled of tobacco or had stained fingers or teeth indicating a smoking habit, and none had advised him to quit smoking. This conclusion is supported by the evidence of record.

For all of the above reasons, the petition for review is denied.