NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0457n.06

No. 08-4566

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Jul 01, 2009**

LEONARD GREEN, Clerk

DOROTHY S. WILLIAMS,

     **Petitioner,**

v.

EASTOVER MINING CO.; DIRECTOR, OFFICE OF
WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR,

     **Respondents.**

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ON PETITION** FOR REVIEW
OF A DECISION AND ORDER
OF THE BENEFITS REVIEW
BOARD

**MEMORANDUM**

**OPINION**

**BEFORE: NORRIS, BATCHELDER, and KETHLEDGE, Circuit Judges.**

    **PER CURIAM.** Gordon Williams worked as a miner for 37 years until his retirement in

1983. Thereafter he received federal black lung benefits until his death on July 13, 1993. His widow,

petitioner Dorothy S. Williams, appeals from the decision of an administrative law judge ("ALJ"),

subsequently affirmed by the Benefits Review Board of the Department of Labor ("the Board"),

denying her survivor's benefits under Title IV of the Federal Coal Mine and Safety Act of 1969, as

amended by the Black Lung Benefits Act, 30 U.S.C. §§ 901-45 ("the Act").

    As Mr. Williams' date of death suggests, this case has a long history. Petitioner filed for

survivor's benefits on August 2, 1993. After an initial denial of her claim due to insufficient

evidence, she ultimately prevailed after the matter was remanded by the Board for development of

the administrative record. Eastover Mining appealed to this court, however, and we reversed.

*Eastover Mining Co. v. Williams*, 338 F.3d 501 (6th Cir. 2003). This court's decision was not the

final word on petitioner's claim, however. A party may request modification of a prior decision "on

the ground of a change in conditions or because of a mistake in a determination of fact," if the

request is made within one year of the final denial of the claim. *See* 30 U.S.C. § 932(a)

(incorporating 33 U.S.C. § 922); 20 C.F.R. § 725.310(a).

Accordingly, another hearing was conducted by an ALJ, whose subsequent opinion, dated

August 9, 2007, denied relief. It began by noting that, because this is a survivor's claim, no change

in the miner's condition had occurred and thus any modification of this court's opinion is premised

upon "a mistake in a determination of fact." Among other factual findings, the decision noted 37

years of employment as a miner, exposure to coal dust, and a significant smoking history.

A claimant for survivor's benefits must show that the miner had pneumoconiosis from coal

mining employment and that his "death was due to pneumoconiosis." 20 C.F.R. § 718.205(a).

Among other things, pneumoconiosis is considered a "substantially contributing cause" of a miner's

death if it hastens that death. 20 C.F.R. § 718.205(c)(5). However, survivor's benefits are not

available when "the principal cause of death was a medical condition not related to

pneumoconiosis." 20 C.F.R. § 718.205(c)(4).

With respect to his ability to correct mistakes under 20 C.F.R. § 725.310, the ALJ noted that

"a modification petition need not specify any factual errors or change in conditions, and indeed, the

Claimant may merely allege that the ultimate fact – total disability due to pneumoconiosis – was

wrongly decided and request that the record be reviewed on that basis." Dec. at 7 (citing

*Consolidation Coal Co. v. Worrell*, 27 F.3d 227 (6th Cir. 1994)).

In addition to the voluminous record developed prior to this court's earlier opinion in this

case, the ALJ considered three newly submitted medical reports. The first is by Dr. Glen Baker, a

B-reader certified in Internal Medicine and Pulmonary Diseases, who prepared a consultive report

in December 2005. The majority of the records he reviewed were from Mr. Williams' treating

physician, Dr. Woolum, whose opinion the previous panel discounted. *Williams*, 338 F.3d at 516

("Circumstantial factors strongly indicate that Woolum changed his original opinion to meet

[Williams'] needs."). Dr. Baker reached the following conclusion: "It is my opinion with a high

degree of certainty that his condition was caused at least in part by coal dust exposure, made worse

by coal dust exposure, and that his severe emphysema resulted in a hastening of his death." The ALJ

noted that this court had accorded Dr. Woolum "little probative weight." Because of Dr. Baker's

reliance upon records developed by Dr. Woolum and a lack of specificity as to what records were

consulted, the ALJ found Dr. Baker's opinion "unreasoned and undocumented," and thus, granted

it little probative weight.

The second new report was submitted by Dr. David Rosenberg and dates from October 2004.

He had the same credentials as Dr. Baker but his report reached a different conclusion: Williams did

not have pneumoconiosis as shown in part by negative x-rays which did show severe emphysema.

He diagnosed smoking-related pulmonary problems. As for the cause of Williams' death, Dr.

Rosenberg attributed it to bleeding of the GI tract and concluded that he would have died irrespective

of his employment in the coal mines, and his death was not caused, hastened or materially worsened

in any fashion by his past coal mine dust exposure. In 2006, Dr. Rosenberg supplemented his report

to address Dr. Baker's conclusions and rejected them in these terms: "[T]here is no evidence that Mr.

Williams' death was related to a cardiovascular event hastened by his underlying COPD or a coal

mine dust induced disorder." Ultimately, the ALJ found Dr. Rosenberg's reports to be "well-

reasoned and well-documented."[1]

Third, Dr. Matthew Vuskovich, a B-reader who is board-certified in Occupational Safety and

Health, submitted a report in June 2006. He reviewed a number of other opinions, including those

of Drs. Baker, Woolum, and Rosenberg before concluding that Williams "likely did not have clinical

coal workers' pneumoconiosis." Because it was somewhat equivocal, the ALJ accorded his opinion

little weight.

Assessing all of the new evidence, the ALJ reached the following conclusion:

Claimant has failed to show that the Sixth Circuit made a mistake in fact in
discrediting Dr. Woolum's opinion and ultimately finding Miner did not have
pneumoconiosis. I rely on the discussion and analysis contained in the Sixth Circuit
opinion, previously adopted and described, and the well-reasoned and well-
documented opinion of Dr. Rosenberg. In sum Claimant did not prove that Miner
had legal or clinical pneumoconiosis by a preponderance of the evidence pursuant to
§ 718.201(a)(4).

Dec. at 13.

---

[1] Although the ALJ's opinion misstates that Dr. Rosenberg found that "Miner's chronic obstructive pulmonary disease was *not* related to his smoking history," Dec. at 12 (emphasis added), it is clear from our review of Dr. Rosenberg's report that he said just the opposite. In fact, the doctor wrote, "the characteristics of his obstructive lung disease indicate it was not etiologically related to his coal mine dust exposure, but rather to his long smoking history." Rosenberg Letter, Apr. 24, 2006 (Employer's exhibit 2).

The Board affirmed this decision on September 16, 2008.[2] The Board's decision reaches the following conclusion:

> In challenging the administrative law judge's denial of benefits, claimant points to favorable evidence in the record and states that the administrative law judge erred in declining to credit it:
>
> > It is submitted that [claimant] has carried her burden of proof of establishing the existence of pneumoconiosis by X-ray evidence, reports from [the miner's] treating physician, Dr. Woolum and the full well reasoned review of Dr. Glen Ray Baker. The [administrative law judge] erred in failing to be convinced by this evidence that pneumoconiosis contributed to and hastened the death of [the miner].
>
> Claimant's Brief at 5. However, claimant's dissatisfaction with the result reached is not a valid reason to disturb the administrative law judge's decision.

Dec. & Order, Sept. 16, 2008 at 3-4.

Petitioner contends that Dr. Woolum's opinion should be given more weight because he was decedent's treating physician. However, as the prior panel of this court noted, any automatic acceptance of a treating physician's opinion has been rejected; rather, "in black lung litigation, the opinions of treating physicians get the deference they deserve based on their power to persuade." *Williams*, 338 F.3d at 512-13.

Furthermore, our review is limited to whether substantial evidence supports the ALJ's conclusions. *See Gray v. SLC Coal Co.*, 176 F.3d 382, 387 (6th Cir. 1999). Whether a physician's opinion is sufficiently reasoned is a matter of credibility and this court lacks the authority to revisit those credibility determinations under the Act. *Peabody Coal Co. v. Groves*, 277 F.3d 829, 836 (6th

---

[2] The Board notes that the Director of the Office of Workers' Compensation Programs did not participate in the proceedings. Likewise, the Office has not participated in this appeal.

Cir. 2002).  While we understand why petitioner would like us to re-weigh the authority of the doctors' reports submitted after remand, that is not our role.  *Gray*, 176 F.3d at 387. Rather, we must determine whether substantial evidence supports the denial of benefits.  *Id.*  We hold that it does.

## III.

The decision and order of the Board is **affirmed**.