**Robert W. BARTLEY, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United States Department of Labor, Respondent.**

No. 00–4390.

United States Court of Appeals, Sixth Circuit.

June 7, 2001.

Before KEITH, SILER, and CLAY, Circuit Judges.

Robert W. Bartley, proceeding pro se, petitions for review of the Benefits Review Board's decision and order denying his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Bartley filed his first application for black lung benefits in December 1979. That claim was denied by Administrative Law Judge (ALJ) Gilday, with the ALJ's decision and order affirmed by the Benefits Review Board (Board) on February 22, 1988. ALJ Gilday found that Bartley had established 26.75 years of qualifying coal mine employment and pneumoconiosis by a positive x-ray and was, therefore, entitled to the interim presumption that he was totally disabled due to pneumoconiosis arising out of his exposure to coal mine dust. *See* 20 C.F.R. § 727.203(a)(1). However, the ALJ further found that the presumption was rebutted by evidence that Bartley was still working as a federal coal mine inspector. *See* 20 C.F.R. § 727.203(b)(1). Bartley retired on federal disability retirement benefits in 1989.

On March 31, 1994, Bartley filed a second application for benefits. Because this claim was filed more than one year after the final denial of his prior claim, ALJ Lesniak analyzed it as a duplicate claim, pursuant to 20 C.F.R. § 725.309. The ALJ found that Bartley had previously established that he suffered from pneumoconiosis arising out of his coal mine employment, but further found that the medical evidence submitted since the earlier denial failed to establish that Bartley was totally disabled due to his pneumoconiosis. Therefore, the ALJ denied benefits in a decision and order issued on March 11, 1996. The Board affirmed the ALJ's deci-

sion on September 26, 1996, and denied a motion for reconsideration on November 26, 1996.

Bartley submitted a letter dated March 13, 1997, which was construed as a request for modification. *See* 20 C.F.R. § 725.310. No new medical evidence was submitted with this request. ALJ Roketenetz accepted as the law of the case the previous determinations that Bartley had established 26.75 years of qualifying coal mine employment and pneumoconiosis arising out of his coal mine employment. However, the ALJ found that the medical evidence submitted with Bartley's duplicate claim failed to establish total disability due to pneumoconiosis. Thus, the ALJ again denied benefits in a decision and order issued on September 22, 1999, and the Board affirmed.

In his petition for review, Bartley asks this court for an "honest decision." He suggests that the ALJ did not properly apply the law and may have based his decision on the case of another Robert Bartley, whose request for an appeal appears in his administrative record.

This court must affirm the Board's decision if the Board has not committed any legal error or exceeded its scope of review of the ALJ's determination. *Glen Coal Co. v. Seals,* 147 F.3d 502, 510 (6th Cir.1998). The court reviews the ALJ's decision only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. *Id.* This court does not reweigh the evidence or substitute its judgment for that of the ALJ. *Gray v. SLC Coal Co.,* 176 F.3d 382, 387 (6th Cir.1999). Thus, as long as the ALJ's conclusions are supported by the evidence, they will not be reversed, "even if the facts permit an alternative conclusion." *Youghiogheny & Ohio Coal Co. v. Webb,* 49 F.3d 244, 246 (6th Cir.1995).

■ The ALJ properly analyzed Bartley's letter as a request for modification under § 725.310, since it was filed within one year of the final denial of his duplicate claim. *See Consolidation Coal Co. v. Worrell,* 27 F.3d 227, 229–30 (6th Cir.1994). Section 725.310(a) provides:

> Upon his or her own initiative, or upon the request of any party on grounds of a change in conditions or because of a mistake in a determination of fact, the district director may, at any time before one year from the date of the last payment of benefits, or at any time before one year after the denial of a claim, reconsider the terms of an award or denial of benefits.

The intended purpose of modification is to vest the fact-finder with broad discretion to correct mistakes, whether demonstrated by wholly new evidence, cumulative evidence, or merely after further reflection on the evidence initially submitted. *See O'Keeffe v. Aerojet–General Shipyards, Inc.,* 404 U.S. 254, 256, 92 S.Ct. 405, 30 L.Ed.2d 424 (1971) (per curiam); *Worrell,* 27 F.3d at 230. Because Bartley submitted no new medical evidence with his request for modification, he cannot show a change in his medical condition since the prior denial. Therefore, in order to prevail, Bartley must demonstrate a mistake in a determination of fact.

The decision which Bartley seeks to modify denied a duplicate claim for benefits. Pursuant to § 725.309(d), it is the claimant's burden to show a material change in his condition before he is entitled to further adjudication. *Sharondale Corp. v. Ross,* 42 F.3d 993, 996 (6th Cir. 1994). To assess whether a material change is established, the ALJ must consider all of the new medical evidence obtained after the previous denial, both favorable and unfavorable, and determine whether the miner has proven at least one of the elements of entitlement previously

adjudicated against him. *Id.* at 997–98. If the miner establishes the existence of that element, he has demonstrated, as a matter of law, a material change, and the ALJ must then consider whether *all* of the record evidence, including that submitted with earlier claims, supports a finding of entitlement to benefits. *Id.*

Bartley's request for modification is governed by Part 718 of the regulations because he filed the prior claim after March 31, 1980. *See* 20 C.F.R. § 718.2; *Saginaw Mining Co. v. Ferda,* 879 F.2d 198, 204 (6th Cir.1989). To be entitled to benefits under Part 718, a miner must show that: (1) he has pneumoconiosis; (2) the pneumoconiosis arose out of his coal mine employment; and (3) the pneumoconiosis rendered him totally disabled. 20 C.F.R. § 718.202–204; *Adams v. Director, OWCP,* 886 F.2d 818, 820 (6th Cir.1989). The claimant must prove each element by a preponderance of the evidence, except insofar as he is aided by a presumption. *Id.*

As a result of his original claim, Bartley established the first two elements of entitlement. However, ALJ Gilday found that Bartley had not shown that he was totally disabled due to pneumoconiosis. In considering the duplicate claim, ALJ Lesniak found that the newly submitted medical evidence did not establish a change in condition, i.e., that Bartley had become totally disabled due to pneumoconiosis since the previous denial of benefits. In order to award benefits as a result of the request for modification, ALJ Roketenetz would have to find that Bartley had shown a mistake in the prior determination that he was not totally disabled due to pneumoconiosis.

A miner may establish total disability by qualifying pulmonary function studies, pursuant to § 718.204(c)(1), or by qualifying arterial blood gas studies, pursuant to § 718.204(c)(2). The only studies of record are non-qualifying. Therefore, Bart-

ley has not established total disability through either of these methods. Nor has he established total disability under § 718.204(c)(3), as there is no evidence in the record that he suffers from cor pulmonale with right-sided congestive heart failure.

Finally, total disability may be established by a documented and reasoned medical opinion. *See* 20 C.F.R. § 718.204(c)(4). In weighing a physician's report, the ALJ may take into consideration a number of factors, including the length of time the physician has treated the miner, the qualifications of the physician, the recency of the report, and whether the report is adequately documented and based on accurate data. *See, e.g., Gray,* 176 F.3d at 388; *Brown v. Rock Creek Mining Co.,* 996 F.2d 812, 816 (6th Cir.1993); *Phillips v. Director, OWCP,* 768 F.2d 982, 984 (8th Cir. 1985); *Director, OWCP v. Rowe,* 710 F.2d 251, 255 (6th Cir.1983). This court will defer to the ALJ's determination of credibility and resolution of inconsistencies in testimony, including the weight to be accorded to physicians' opinions, where the ALJ's determinations are supported by substantial evidence. *See Worrell,* 27 F.3d at 231.

■ Upon review, we conclude that the ALJ's analysis of the medical opinion evidence relating to the causation of total disability is not supported by substantial evidence and requires a remand to the ALJ for further consideration of that evidence. We initially suggest that the ALJ consider whether the report authored by a doctor identified by ALJs Lesniak and Roketenetz only as "attending physician" or "treating physician" may, in fact, be identified through the record as Dr. Oscar Thompson. This suggestion is based in part upon the similarity in signatures between the reports of Dr. Thompson and the "attending physician." More signifi-

cantly, the address of the "attending physician" is the same as that of Dr. Thompson. In weighing the medical opinion evidence of record, ALJ Roketenetz gave no weight to the "attending physician's" opinion because he found the author to be unidentifiable. However, Dr. Thompson was Bartley's treating physician from 1967 until at least 1990, entitling his opinion to greater weight. *See Brown,* 996 F.2d at 816. If the ALJ determines that the "attending physician" is, in fact, Dr. Thompson, he should then consider whether the combined medical opinions Dr. Thompson sets forth in his reports support a finding that Bartley is totally disabled at least in part due to chronic obstructive pulmonary disease related to his coal mine dust exposure. *See Cross Mountain Coal, Inc. v. Ward,* 93 F.3d 211, 216 (6th Cir.1996).

In addition, the ALJ gave substantial weight to the opinion of Dr. Fritzhand that Bartley had no pulmonary or respiratory impairment. However, Dr. Fritzhand opined that Bartley did not have pneumoconiosis or any other pulmonary or respiratory disease related to coal mine employment that might satisfy the statutory definition of pneumoconiosis. To the contrary, it has been established since ALJ Gilday's decision that Bartley does have pneumoconiosis arising out of his coal mine employment. This circuit has held that, when the ALJ has found that the evidence establishes the existence of pneumoconiosis, the ALJ should treat as "less significant" physicians' reports finding no pneumoconiosis, when determining causation of the miner's total disability, if any. *See Skukan v. Consolidation Coal Co.,* 993 F.2d 1228, 1233 (6th Cir.1993), *vacated on other grounds,* 512 U.S. 1231, 114 S.Ct. 2732, 129 L.Ed.2d 854 (1994); *Adams,* 886 F.2d at 826. Thus, on remand, the ALJ should also reconsider the weight accorded to Dr. Fritzhand's opinion in light of *Skukan.*

Finally, Bartley in his brief before this court expresses his concern that the ALJ erroneously decided his case in part because a document from the claim of a different Robert Bartley was somehow filed in his administrative record. However, that document contains no evidence relating to entitlement to benefits and the ALJ's opinion is clearly based upon the evidence submitted in connection with the petitioner's claim.

Accordingly, the petition for review is granted. The decisions below are vacated and the case is remanded for further consideration in accordance with this order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.